### 30703. MATTHEWS *v.* THE STATE.

DECIDED DECEMBER 5, 1944.

*Will Ed Smith,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried on an indictment charging her with the offense of murder and was convicted of involuntary manslaughter in the commission of an unlawful act. The court refused to receive the verdict, and stated to the jury that involuntary manslaughter was not involved in the case and instructed them to retire and further consider the case. Subsequently, the jury brought in a verdict of voluntary manslaughter. The defendant filed a motion for a new trial in which she alleged that the second verdict was null and void because the first verdict (involuntary manslaughter) had been received and published; that the first verdict was complete and regular on its face, and had the

legal effect of finding her guilty of the offense of involuntary manslaughter in the commission of an unlawful act and of acquitting her of the higher grade of homicide, to wit, voluntary manslaughter, of which she was later adjudged guilty by the same jury and for which she was sentenced by the court. On the hearing of the motion for new trial, the court annulled and set aside the verdict and judgment of voluntary manslaughter, and sentenced the defendant for the offense of involuntary manslaughter; and that judgment and sentence are assigned as error in the bill of exceptions. The defendant had also filed another motion for a new trial in which she alleged that the verdict for involuntary manslaughter was contrary to law and the evidence.

In his order passing on both motions for a new trial, the judge said:

"Ellie Matthews, the movant in this case, was indicted and tried for murder. On the trial of the case the jury returned a verdict of involuntary manslaughter, which verdict I refused to receive in the view that involuntary manslaughter was not involved. Without any objection the jury was sent back for further consideration of the case and thereupon returned a verdict of voluntary manslaughter, which was received, and the defendant was sentenced accordingly. Then on July 27, 1944, the defendant made a motion for new trial on the general grounds. Thereafter on August 22, 1944, she made another motion for new trial on the general grounds designating the same as a motion for new trial in the case finding her guilty of involuntary manslaughter. Both motions came on for hearing before me in open court on September 9, 1944, when movant amended her first motion by adding several additional grounds for new trial in the case on account of the voluntary-manslaughter verdict. In ground one of the amendment to the first motion movant contends the jury had a right to find her guilty of involuntary manslaughter, that the verdict for involuntary manslaughter was regular, was published, and it was the duty of the court to receive same, and that the refusal of the court to receive such verdict was illegal and prejudicial to her. So we have two motions for new trial growing out of a single trial of the case. One on the general grounds with an amendment complaining of the verdict for voluntary manslaughter, and the other on the general grounds excepting to the verdict for involuntary manslaughter.

There has been but one trial. It seems both motions should be considered together. Now upon considering both motions, it is ordered and adjudged:

"1—That the verdict and sentence for voluntary manslaughter in said case is void. That the same be and it is hereby annulled and set aside.

"2—That verdict finding defendant guilty of involuntary manslaughter, to wit: 'We, the jury, find the defendant Ellie Matthews guilty of involuntary manslaughter, and recommend that she be sentenced for not less than one and not over three years. This 27th day of July, 1944. Lawton Parkerson, Foreman,' be established, received, and entered of record in said case, as the verdict of the jury rendered on the trial of the case; and that the defendant be sentenced accordingly.

"3—That the motion for new trial be and the same is hereby overruled.

"Irrespective of what I thought at the time of the trial, it appears the jury was authorized to find her guilty of involuntary manslaughter. There is no doubt that she killed her husband with a knife. The homicide was not justifiable. It was unlawful. She stabbed him once only. There is no evidence as to the size of the knife or of any expressed intent on her part to take his life. In her statement she says that she did not intend to kill him. Under the evidence and her statement a verdict of guilty of one of the grades of homicide was demanded. The jury resolved the doubt as to the grade of the offense in her favor. She has no cause to complain. Hence a new trial in the case is hereby refused. In open court, this September 23, 1944."

In *Register* v. *State,* 10 *Ga. App.* 623 (74 S. E. 429), headnote 4 reads: "On the trial of an indictment for murder the judge gave the jury instructions relating to the law on murder, voluntary manslaughter, and justifiable homicide in self-defense. He did not instruct them on the law of involuntary manslaughter. The jury, after deliberation, returned a verdict finding the accused guilty of 'involuntary manslaughter,' and this verdict was read and published in open court as their verdict. There was no intimation by any member of the jury that the instructions of the judge on the law of the case had been misunderstood, no further instructions were asked, no member of the jury dissented from the verdict, and noth-

ing occurred tending in any manner to show that the entire jury did not deliberately intend the verdict published in court as their unanimous finding. The judge refused to receive the verdict of involuntary manslaughter, telling the jury that the court could not receive the verdict which they had attempted to return, that the court had not charged them upon the law of involuntary manslaughter, and to return to their room for further deliberation. *Held:* (1) The verdict of involuntary manslaughter was in legal effect a verdict finding the accused guilty of the highest grade of involuntary manslaughter, and operated as an acquittal of the higher grades of homicide, that is, murder and voluntary manslaughter, as charged in the indictment. (2) The verdict of involuntary manslaughter was a finality, unless objected to in some form by the accused, and the judge could not legally refuse to receive the verdict, or to restrict in any manner the exclusive right of the jury to find and return the verdict, and the action of the judge in refusing to receive the verdict and in requiring the jury to return to their room for further deliberation was unauthorized by law."

And in *Register* v. *State,* 12 *Ga. App.* 1 (76 S. E. 649), the headnotes are as follows: "1. Where a verdict of involuntary manslaughter in the commission of an unlawful act is returned, and is read in open court by the foreman of the jury, and the court refuses to receive such verdict or to allow it to be recorded, and, under further instructions, the jury subsequently return a verdict finding the accused guilty of voluntary manslaughter, which verdict is received and published, and the accused, without excepting in any manner to the first verdict, files a motion for a new trial, claiming the right to have the verdict of voluntary manslaughter set aside, upon the ground that the verdict of involuntary manslaughter was the legal verdict in the case, and the motion for a new trial is overruled, and the reviewing court reverses this judgment, upon the sole ground that the first verdict was a final termination of the case, the accused can not again be tried under the same indictment for any offense; but the trial court should receive the first verdict, and have it recorded upon the minutes of the court, and sentence the accused thereunder.

"2. Where one procures from a reviewing court a decision that one verdict purporting to convict him of a crime is void, because

a previous verdict convicting him of another offense in the same case was legal and valid and a final termination of the case, he is thereafter estopped from asserting that the first verdict was invalid because not received by the court and recorded on its minutes, or because the court failed to allow the accused time within which to poll the jury."

Under the above-quoted rulings we think that the court properly set aside the verdict of voluntary manslaughter, and properly ordered "that the verdict of involuntary manslaughter be established, received, and entered of record in the case as the verdict of the jury rendered on the trial of the case, and that the defendant be sentenced accordingly." The verdict of involuntary manslaughter was authorized by the evidence and the general grounds of the motion for new trial are without merit.

The evidence set forth in the sole special ground of the motion was objected to by the solicitor-general, but was admitted by the court, and in a colloquy between the court and counsel as to whether the evidence was admissible, the court stated: "I will let it remain in, but if one commits an offense and after it is committed they are sorry, that does not excuse them for doing the crime." In our opinion the comment of the court so made is not cause for a new trial. *Judgment affirmed. MacIntyre and Gardner, JJ., concur.*