A93A1452. FREEMAN v. THE STATE.
(435 SE2d 461)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of murder. The jury returned a verdict of guilty of "involuntary manslaughter." The district attorney objected to the verdict, pointing out that the court only charged the jury on the law of murder or voluntary manslaughter.

---

The judge refused to receive the verdict, pointing out that the jury was "not charged on involuntary [manslaughter] and there was no such crime as that committed. . . ." The jury returned to the jury room and continued deliberating. Nearly two hours later, the jury returned a verdict of voluntary manslaughter. The judge received that verdict and sentenced defendant to serve 20 years in the State Penal System. Defendant sought and was permitted to file an out-of-time motion for a new trial. The motion was denied and this appeal followed. *Held*:

Defendant asserts the trial court erred in receiving the verdict of voluntary manslaughter and refusing to receive the verdict of involuntary manslaughter. We agree.

"In *Register v. State*, 10 Ga. App. 623 (74 S. E. 429), headnote 4 reads: 'On the trial of an indictment for murder the judge gave the jury instructions relating to the law on murder, voluntary manslaughter, and justifiable homicide in self-defense. He did not instruct them on the law of involuntary manslaughter. The jury, after deliberation, returned a verdict finding the accused guilty of "involuntary manslaughter," and this verdict was read and published in open court as their verdict. There was no intimation by any member of the jury that the instructions of the judge on the law of the case had been misunderstood, no further instructions were asked, no member of the jury dissented from the verdict, and nothing occurred tending in any manner to show that the entire jury did not deliberately intend the verdict published in court as their unanimous finding. The judge refused to receive the verdict of involuntary manslaughter, telling the jury that the court could not receive the verdict which they had attempted to return, that the court had not charged them upon the law of involuntary manslaughter, and to return to their room for further deliberation. *Held*: (1) The verdict of involuntary manslaughter was in legal effect a verdict finding the accused guilty of the highest grade of involuntary manslaughter, and operated as an acquittal of the higher grades of homicide, that is, murder and voluntary manslaughter, as charged in the indictment. (2) The verdict of involuntary manslaughter was a finality, unless objected to in some form by the accused, and the judge could not legally refuse to receive the verdict, or to restrict in any manner the exclusive right of the jury to find and return the verdict, and the action of the judge in refusing to receive the verdict and in requiring the jury to return to their room for further deliberation was unauthorized by law.' " *Matthews v. State*, 71 Ga. App. 796, 798-799 (32 SE2d 446).

*Reversed and remanded for proceedings not inconsistent with this opinion. Johnson and Blackburn, JJ., concur.*

Decided August 19, 1993 —
Reconsideration denied September 8, 1993

*Frank T. Bell*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.