## A94A0342. HOWARD v. THE STATE.
(445 SE2d 532)

SMITH, Judge.

Kay Milligan Howard was charged with murder. She was convicted by a jury of felony grade involuntary manslaughter, OCGA § 16-5-3 (a), and her motion for new trial was denied.

Howard was charged in the shooting death of her husband, Kell Leverne Howard. Her defense was that the gun she was holding discharged accidentally. At the charge conference, defense counsel requested a charge on reckless conduct, OCGA § 16-5-60 (b). The court agreed to charge on reckless conduct as requested by the defense, but stated it would also have to charge OCGA § 16-5-3 (a), involuntary manslaughter by causing the death of another without intention to do so during the commission of an unlawful act. In its charge to the jury, the court did exactly that. The jury twice requested and received a recharge on involuntary manslaughter. Eventually, the jury returned a verdict finding her guilty of this lesser included offense. Howard was sentenced to eight years incarceration, with four years probated.

1. Three of Howard's four enumerations of error involve the court's charge on involuntary manslaughter and the resulting verdict. The thrust of all three enumerations is that the court's charge on the lesser included offense of involuntary manslaughter was confusing to the jury, that the jurors believed they were convicting Howard of a misdemeanor rather than a felony, and that they would not have convicted her of involuntary manslaughter had they known it was a felony. Howard argues that because of this confusion, the judgment must be reversed. We do not agree.

(a) This case is different from *Freeman v. State*, 210 Ga. App. 183 (435 SE2d 461) (1993) (trial court must accept jury's verdict of guilty of involuntary manslaughter even when jury not charged regarding that crime). In this case, the jury was charged on involuntary manslaughter in the commission of an unlawful act and returned a verdict finding Howard guilty of that crime.

(b) OCGA § 16-5-60 (b) defines reckless conduct, a misdemeanor, as "caus[ing] bodily harm to or endanger[ing] the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person [when] the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." The court charged the jury on reckless conduct using the statutory language.

OCGA § 16-5-3 (a) provides that "[a] person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. A person who commits the offense of involuntary manslaughter in the commission of an unlawful act, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years."

The court instructed the jury that "[a] person commits involuntary manslaughter in the commission of an unlawful act when that person causes the death of another human being without any intention to do so by the commission of an unlawful act, constituting a misdemeanor. That means, not a felony. In that connection, I charge you that reckless conduct is a misdemeanor." Both of the requested recharges were in substantially the same language. All three charges were correct statements of the law.

At the sentencing hearing, a juror testified that based on these charges and recharges the members of the jury believed that in voting to find Howard guilty of involuntary manslaughter they were finding her guilty of a misdemeanor, rather than a felony. When questioned by the court, however, the juror testified she heard the court's definition of reckless conduct and had not violated her oath as a juror. She testified she believed Howard had engaged in reckless conduct in handling the gun and, in so doing, caused the death of the victim. At the hearing on the motion for new trial, the jury foreman testified similarly, and affidavits to similar effect from other jurors were admitted.

The trial court correctly found that this evidence did not impeach the jury's verdict and did not require that he amend the sentence, vacate the conviction, or order a new trial. Although the jurors indicated they would not have voted to find Howard guilty of involuntary manslaughter in the commission of an unlawful act had they known it was punishable as a felony, "the legal status of the crime (felony or misdemeanor) and the resulting punishment if a guilty verdict is returned, is of absolutely no concern to the jury. [Cit.] In determining whether the defendant was guilty of the crime of involuntary manslaughter [in the commission of an unlawful act] . . . , the jury was required to make its decision on the basis of the evidence and the evidence alone." *Cooper v. State*, 167 Ga. App. 440, 443 (306 SE2d 709) (1983) (Carley, J., concurring specially). As pointed out by the trial judge, the jurors' testimony showed clearly that they correctly applied the judge's instructions to the facts as found by them, and arrived at a proper verdict. Therefore, even if the charge confused the jury and was thus error despite being a correct statement of the law, any such error was harmless.

(c) Contrary to Howard's contention, we find no error in the

court's failure to charge on involuntary manslaughter in the commission of a lawful act in an unlawful manner. The court charged the jury regarding accident. If the shooting was an accident, no crime was committed. Because "everyone knows the deadly force of a gun, intent to kill can be inferred from the shooting of the gun." *Willis v. State*, 258 Ga. 477 (1) (371 SE2d 376) (1988). Therefore, if the shooting was not an accident but the result of reckless conduct, the crime was involuntary manslaughter in the commission of an unlawful act, a felony.

2. Howard also contends the trial court erred in ordering restitution, arguing that the court did not comply with the requirements of OCGA §§ 17-14-8 through 17-14-10 that a hearing be held regarding restitution, that certain factors be considered in ordering restitution, and that certain written findings be made. See *Cannon v. State*, 246 Ga. 754, 756 (3) (272 SE2d 709) (1980).

At the sentencing hearing, the court heard testimony from the victim's children regarding funeral and medical expenses. It was established that the funeral expenses were $5,133.52. The court took into consideration Howard's ability to pay, the goal of rehabilitation, and other factors enumerated in OCGA § 17-14-10. It ordered Howard to pay restitution for funeral expenses and medical expenses not to exceed the sum of $5,000. This sum complies with the provision in OCGA § 17-14-9 that "[t]he amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." However, because we are unable to discern from the designated record any written findings as required by OCGA § 17-14-8 (a), that portion of the sentence imposing restitution is vacated and remanded to the trial court for the preparation of written findings in compliance with OCGA § 17-14-8 (a). *Garrett v. State*, 175 Ga. App. 400, 403 (1) (333 SE2d 432) (1985).

*Judgment affirmed in part and vacated and remanded in part with direction. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 23, 1994 —
RECONSIDERATIONS DENIED JUNE 14, 1994 —

*Jane K. Mitchell, James E. Hardy II*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.