A96A2376. JONES v. THE STATE.
A96A2377. SMITH v. THE STATE.
(480 SE2d 618)

POPE, Presiding Judge.

Defendants Brandon Jones and Michael Smith were convicted of burglary. The trial court sentenced them to serve six years on probation, with the special condition that they would spend time in a probation boot camp and would remain incarcerated until there were places available for them in a boot camp. As additional special conditions of probation, the court required defendants to pay restitution to the victim and to reimburse the county for the costs of their court-appointed attorneys. On appeal, defendants accept the validity of their convictions but challenge the propriety of their sentences.

1. Although the sentencing court may provide that a defendant will be incarcerated for a portion of his sentence and serve the remainder on probation, it cannot probate the entire sentence but require a period of uninterrupted incarceration as a condition of probation. *Pitts v. State,* 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992). And that is what the court did here when it imposed fully probated sentences but then required that defendants be confined to jail until reporting to boot camp. See *Johnson v. State,* 219 Ga. App. 547, 550 (3) (466 SE2d 63) (1995), rev'd on other grounds, 267 Ga. 77 (475 SE2d 595) (1996). Accordingly, the court's sentences must be vacated and the cases remanded to allow the court to resentence defendants.

We acknowledge that, to some degree, this distinction is purely semantic, since on remand the court can effectuate the same result by providing that defendants serve a term of incarceration with the remainder of their sentences probated. But it is a distinction which must be made in light of *Pitts* and *Johnson.*

2. The trial court ordered restitution as a condition of probation, but the record does not reflect that a hearing was held or specific findings made regarding restitution as contemplated by OCGA §§ 17-14-8 and 17-14-10. See *Woods v. State,* 205 Ga. App. 500 (422 SE2d 670) (1992). The State attached exhibits to its briefs in an attempt to show that the factors set forth in these Code sections were properly considered. Even if these exhibits were sufficient to show this, however, we could not consider them, since exhibits to briefs on appeal are not part of the record. See *Leatherwood v. State,* 212 Ga. App. 342 (1) (a) (441 SE2d 813) (1994). If the trial court again imposes restitution as a condition of probation on remand, it (and the State) should ensure that a hearing is held, the necessary factors are considered, and the necessary findings are made — on the record. See also *Radford v. State,* 223 Ga. App. 312, 313 (2) (477 SE2d 428) (1996); *Howard v. State,* 213 Ga. App. 542, 544 (2) (445 SE2d 532) (1994).

3. As another condition of probation, the sentencing court required defendants to reimburse the county for the costs of their court-appointed attorneys. See OCGA § 17-12-10 (c). But the record provides no basis for a determination that defendants were or are able to pay for the employment of attorneys. Thus, this portion of the sentences would have to be vacated even if we were not already vacating the sentences as a whole. See *Owens v. State,* 187 Ga. App. 262, 263 (1) (369 SE2d 919) (1988). Cf. *Miller v. State,* 221 Ga. App. 718, 720 (2) (472 SE2d 697) (1996).

4. We need not address defendants' remaining enumerations of error, as they are unlikely to recur on remand.

*Judgments of convictions affirmed. Sentences vacated and cases remanded for resentencing. Andrews, C. J., and Smith, J., concur.*

DECIDED JANUARY 23, 1997.

*Parker & Day, Vallerina F. Day*, for appellant (case no. A96A2376).

*Schrade & Richardson, Melody Z. Richardson*, for appellant (case no. A96A2377).

*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.