A98A0936. DARDEN v. THE STATE.
(504 SE2d 256)

POPE, Presiding Judge.

Appellant Elaine Darden was convicted of one count of aggravated assault. The trial court denied Darden's motion for new trial and this appeal followed.

On October 20, 1995, the victim, Marion White,[1] was in a bar with his wife, Gail, and David Darden, Elaine Darden's husband. David Darden received a call saying that there had been a disturbance at the Darden house and that Elaine Darden had been shot. David Darden left for home, and the Whites followed in their own car.

David Darden arrived home first and discovered that Elaine Darden was unhurt. At the house with Elaine Darden were James (Buck) Watson and her nephew, Lee Kelly. The Whites arrived a short time later, and Marion White began an argument with Watson, which escalated into a fight. Elaine Darden stopped the fight by firing her gun once, either into the ceiling or out the door, and then asked the Whites to leave her home.

After the Whites left the house, three shots were fired into the front door. As the shots were fired, the Whites began heading for their car. Elaine Darden then came out of the house and began shoot-

---

[1] White is also Darden's ex-husband.

ing, injuring Marion White. The Whites testified that Jason Brown,[2] Elaine Darden's son, had fired the three shots into his mother's house shortly after he arrived there.

1. Elaine Darden ("Darden") first asserts that the trial court erred by not charging the jury on the defense of habitation under OCGA § 16-3-23. Darden's trial counsel never requested this or any other charge. Nevertheless, Darden argues that the charge was required as it was her sole defense. *Wells v. State*, 200 Ga. App. 104, 105 (407 SE2d 86) (1991).

We find that the evidence does not support a charge under OCGA § 16-3-23. The use of force "which is intended or likely to cause death or great bodily harm" is justified under OCGA § 16-3-23 only if the person so injured is *entering* a habitation "in a violent and tumultuous manner." The defendant also must reasonably believe that the entry is attempted or made "for the purpose of assaulting or offering personal violence" to someone in the house and that such force is necessary to prevent the assault or personal violence. Alternatively, the defendant must reasonably believe the entry is made for the purpose of committing a felony and that the force is necessary to prevent the felony. OCGA § 16-3-23.

The record in this case shows that although Darden may have believed that Marion White previously had been shooting into her house, White was not attempting to enter her house at the time Darden stepped outside and shot him. To the contrary, White was walking away from the house to his car. Darden acknowledged in her statement to police the night of the shooting that White was standing at the corner of her house, not at her door, when she fired. Therefore, OCGA § 16-3-23 is not applicable to the facts of this case. See *Terrell v. Hester*, 182 Ga. App. 160 (3) (355 SE2d 97) (1987) (defense of habitation not available where no evidence that plaintiff was attempting to enter or attack house when he was struck).

2. Darden next asserts that the trial court erred in allowing the appointment under Superior Court Rule 29.8 of inexperienced counsel because she claims this case was complicated and confusing. However, as nothing in the record indicates the extent of Darden's trial counsel's experience, we cannot address this issue.

Darden first raised the issue of her trial counsel's performance in an amended motion for new trial, after she obtained new counsel. The amended motion and counsel's argument at the hearing addressed trial counsel's failure to call witnesses in Darden's defense. Darden's new counsel, however, did not request an evidentiary hear-

---

[2] Brown was indicted for the offense of reckless conduct in connection with this incident and was tried together with Elaine Darden. He was found guilty, but his conviction is not challenged in this appeal.

ing on the issue.[3]

"In the absence of testimony to the contrary, counsel's actions [including the decision not to call any witnesses] are presumed strategic[,]" *Earnest v. State*, 262 Ga. 494, 496-497 (422 SE2d 188) (1992), and we find no error in the trial court's ruling on this issue.[4] *Edwards v. State*, 220 Ga. App. 74, 75 (467 SE2d 379) (1996) ("A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." (Citations and punctuation omitted.))

"It was [Darden's] burden to establish that [her] trial defense counsel's performance was deficient and that the deficient performance prejudiced [her] defense because there was a reasonable probability that the result of [her] trial would have been different but for [her] defense counsel's unprofessional deficiencies. Further, [Darden] was required to overcome the strong presumption that the representation was effective." (Citations omitted.) *Clair v. State*, 216 Ga. App. 414 (454 SE2d 556) (1995).

Darden also objects to numerous aspects of her trial counsel's performance that were not raised at the amended motion for new trial. These claims are "procedurally barred." *Rucker v. State*, 268 Ga. 406, 408 (489 SE2d 844) (1997); *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996).

3. Darden's next two enumerations of error were raised for the first time on appeal. In her third enumeration, Darden objects to the trial court's failure to hold an evidentiary hearing on her pre-trial motions. No objection was raised at trial or in the amended new trial motion on this issue. Darden's fourth enumeration asserts that the trial court erred in failing to produce a witness on its own initiative to appear in Darden's defense. Although Darden alleges that the trial court "vowed" to make that witness available, Darden's counsel never attempted to subpoena the witness and, in fact, called no witnesses in Darden's defense. Further, Darden raised no objection either at the trial or in the amended motion for new trial to the court's "failure" to produce this witness.

Because the record shows no objection preserving these issues, we cannot decide them. *Dukes v. State*, 224 Ga. App. 305, 308 (480 SE2d 340) (1997); *Radford v. State*, 205 Ga. App. 379, 380 (422 SE2d 72) (1992).

---

[3] Darden's failure to request an evidentiary hearing waives her right to such a hearing. *Dawson v. State*, 258 Ga. 380 (2) (369 SE2d 897) (1988).

[4] Darden attaches a number of affidavits to her appellate brief from witnesses she claims her trial counsel should have called. We cannot consider these affidavits, however, because exhibits to a brief on appeal are not part of the record. *Jones v. State*, 224 Ga. App. 340, 341 (480 SE2d 618) (1997); *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

4. Darden asserts as her last enumeration that the trial court erred when it ordered her to pay restitution of $200 per month without holding a hearing or making findings on the record as required by OCGA § 17-14-10. We agree. Accordingly, the sentence must be vacated and the case remanded with direction. "We find that OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof." (Citations and punctuation omitted.) *Pruitt v. State*, 230 Ga. App. 334 (2) (496 SE2d 334) (1998); *Helmeci v. State*, 230 Ga. App. 866, 870 (498 SE2d 326) (1997). "If the trial court again imposes restitution as a condition of probation on remand, it (and the State) should ensure that a hearing is held, the necessary factors are considered, and the necessary findings are made — on the record." *Jones v. State*, 224 Ga. App. 340, 341 (2) (480 SE2d 618) (1997).

*Judgment of conviction affirmed; sentence vacated and case remanded with direction. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 10, 1998.

*Richard T. Bridges*, for appellant.
*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.