A00A0898. BENNETT v. THE STATE.
(534 SE2d 881)

ELDRIDGE, Judge.

Torey Joseph Bennett, Sr. appeals from his October 1999 battery conviction. He also challenges the trial court's earlier denial of his motion for discharge and acquittal. Finding no error, we affirm.

Bennett was indicted on October 6, 1998, on two counts of cruelty to children. On October 21, 1998, Bennett's attorney filed an entry of appearance and six motions. The first document was entitled "Entry of Appearance, Waiver of Arraignment, and Request for Jury Trial" and stated that "Defendant hereby waives formal arraign-

ment, pleads not guilty, and requests a jury trial pursuant to OCGA § 17-7-170." When Bennett was not tried during the July and November 1998 terms of the trial court, he moved for discharge and acquittal pursuant to OCGA § 17-7-170.

During the motion hearing, Bennett presented an affidavit from the trial court's deputy clerk which showed that there were available jurors who were qualified and impaneled on October 21, 1998, as well as during the November 1998 term of court. After hearing arguments, however, the trial court denied Bennett's motion for discharge and acquittal, noting that the demand was legally insufficient and was presented in such a way that it appeared to be an attempt to find a "technicality with which to possibly get [Bennett] off."

Following a jury trial, Bennett received a directed verdict on one count of cruelty to children and was convicted of the lesser included offense of battery on the other cruelty charge. This appeal followed. *Held*:

1. In his first enumeration of error, Bennett contends that the trial court erred in finding that his demand for speedy trial was insufficient to place the State on notice and, based upon such finding, in denying his motion for discharge and acquittal pursuant to OCGA § 17-7-170.

> OCGA § 17-7-170 provides that when a person *makes a demand for [speedy] trial* he is entitled to be discharged and acquitted of the offense charged if he is not tried during the term in which *his demand for trial is made* or at the next succeeding regular term, and there were juries impaneled and qualified to try him at each of those terms.

(Citation and punctuation omitted; emphasis supplied.) *Scott v. State*, 206 Ga. App. 17 (424 SE2d 325) (1992).

In determining whether a defendant is entitled to the extreme relief of discharge and acquittal, the trial court must decide whether the defendant's "demand, considering both its caption and its text, can *reasonably be construed* as a *demand* for a speedy trial under the provisions of OCGA § 17-7-170." (Emphasis supplied.) *Green v. State*, 191 Ga. App. 873, 875 (383 SE2d 359) (1989). See also *State v. Allen*, 192 Ga. App. 730, 732 (2) (386 SE2d 394) (1989); *Verscharen v. State*, 188 Ga. App. 746 (374 SE2d 349) (1988); *State v. Prestia*, 183 Ga. App. 24 (1) (357 SE2d 829) (1987); *Edwards v. State*, 177 Ga. App. 557 (1) (340 SE2d 229) (1986); *State v. Adamczyk*, 162 Ga. App. 288, 289-290 (290 SE2d 149) (1982). This Court holds that the minimum acceptable standard for such demand requires that the defendant's demand for trial be coupled with some other language that places the State on reasonable notice that a speedy trial under the sanctions of

OCGA § 17-7-170 is being invoked, i.e., a reference to trial at the next term, reference to a "speedy trial," use of the language of the Code, or reference to the Code section. Such minimum acceptable standard is exemplified in *Green v. State*, supra at 873-874, wherein the defendant's motion included *both* a *demand* for trial *and* a reference to the speedy trial statute, OCGA § 17-7-170.

In contrast, Bennett's motion in this case *requested* a jury trial and referenced OCGA § 17-7-170. A "request" is not a "demand." See *State v. Adamczyk*, supra at 289. The use of the term "request" instead of "demand" cannot "reasonably be construed" to demand a speedy trial, because it is likely to mislead the State as to the true intention of the motion, as it clearly did in this case. Since Bennett's motion failed to *demand* a trial pursuant to OCGA § 17-7-170, the motion failed to meet the *minimum acceptable standard* for asserting the defendant's right to a speedy trial. See *Green v. State*, supra. The trial court did not err in denying his motion for discharge and acquittal.

2. In his second enumeration of error, Bennett contends that the trial court erred in charging the jury on the lesser included offense of battery. According to the trial court, the State requested such charge during an off-the-record charge conference. Bennett objected to the battery charge. Under OCGA § 16-1-6, a defendant may be convicted of an offense which is included in the crime for which he is indicted when:

> (1) [the offense] is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [the offense] differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person or a lesser kind of culpability suffices to establish its commission.

(Citation and punctuation omitted.) *Fulton v. State*, 232 Ga. App. 898-899 (503 SE2d 54) (1998). See also *Stephens v. Hopper*, 241 Ga. 596, 599-600 (247 SE2d 92) (1978).

> [T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State*, 223 Ga. App. 772, 774 (479 SE2d 125) (1996). See also *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) (1982).

Bennett had been indicted for cruelty to children under OCGA § 16-5-70 (b). The indictment read in part as follows: that Bennett "did unlawfully and maliciously cause [his minor child] excessive physical pain by hitting him on his back and buttocks with his hand causing bruising." The jury was charged with the statutory language under OCGA § 16-5-70 (b). The jury was then given a charge on battery under OCGA § 16-5-23.1 (a), to wit:

> [t]he definition of battery is that a person commits the offense of battery when that person intentionally causes substantial physical harm or visible bodily harm to another. The term "visible bodily harm" means bodily harm capable of being perceived by a person other than the alleged victim.

The evidence presented in this case was sufficient to authorize the jury to find that Bennett repeatedly struck his nine-year-old child on the back, buttocks, and legs with his hand, leaving several visible, handprint-shaped bruises. As such, battery was a lesser included offense of cruelty to children as a matter of fact under OCGA § 16-1-6 (1). "Where the evidence authorizes a charge on the lesser included offense, it is not error for the trial court to charge the jury on such lesser offense. [Cit.]" *Fulton v. State*, supra at 899. See also *Rodriguez v. State*, 211 Ga. App. 256, 257 (439 SE2d 510) (1993) (the trial court may sua sponte give a jury charge on a lesser included offense of that included in the indictment).

3. In his third enumeration, Bennett claims that, because battery is not a lesser included offense in this case, the jury was required to find him either (a) guilty of cruelty to children or (b) not guilty under parental discipline justification, OCGA § 16-3-20 (3).[1] This argument is moot in light of our decision in Division 2, supra.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 23, 2000.

*Turner & Willis, Brett D. Turner, Teresa O. Weiner*, for appellant.

---

[1] Under OCGA § 16-3-20 (3), a person's conduct is justified as a defense to prosecution based upon such conduct "[w]hen the person's conduct is the reasonable discipline of a minor by his parent or a person in loco parentis."

*Lydia J. Sartain, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.