A01A1488. PATTEN v. THE STATE.
(552 SE2d 110)

MIKELL, Judge.

Matthew Patten appeals the trial court's denial of his motion for discharge and acquittal. For the reasons that follow, we affirm.

Patten was indicted on April 3, 2000, for two counts of felony obstruction of a law enforcement officer.[1] One week later, Patten mailed a pro se demand for speedy trial addressed to "Superior Court o/ DeKalb, DeKalb County Court Clerk." The demand was misdirected to the court administrator's office, where it was received on April 14. Next, on May 18, Patten mailed a demand for a speedy indictment in an envelope addressed to the superior court and to the "solicitor." A second demand for a speedy trial was enclosed. The envelope was stamped "received" on May 19 by the "Front Desk." Patten was arraigned on July 6, 2000, and was released on bond. On August 16, he filed a motion seeking a discharge and acquittal pursuant to OCGA § 17-7-170 because he was not tried within the term of court succeeding his speedy trial demand. He has yet to be tried.

At the hearing held on the motion, defense counsel conceded that Patten's speedy trial demand was never stamped filed by the superior court clerk's office but argued that Patten should not be penalized for failure to ensure that the document he mailed was filed in the correct office. The prosecutor admitted that the district attorney's office had received the demand.[2] In denying Patten's motion, the trial court ruled that the prosecutor's receipt of the demand did not excuse Patten's failure to file.[3] We agree.

OCGA § 17-7-170 (a) states a demand for trial "shall be served on the prosecutor and shall be binding only in the court in which the demand is filed." The proper method of filing a pleading in a criminal case is outlined in OCGA § 17-1-1 (d), which directs that "[t]he filing of pleadings and other papers with the court shall be made by filing

---

[1] The record shows that one of the officers has undergone two shoulder surgeries.

[2] The prosecutor has attached an affidavit to her brief stating that she was unaware of the demand until the arraignment; however, attachments that were not included in the record below cannot be considered on appeal. *Jones v. State*, 224 Ga. App. 340, 341 (2) (480 SE2d 618) (1997).

[3] The trial court also found that the demand for a speedy indictment was a nullity as Patten had already been indicted. No ruling was made as to the validity of the second demand for trial; it is not challenged on appeal; and we express no opinion thereon.

them with the clerk of the court." In the civil context we have held: "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed, is the best evidence of such filing." (Citations and punctuation omitted.) *Brown v. Webb*, 224 Ga. App. 856, 857 (482 SE2d 382) (1997). However, "where a pleading has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon." (Citations and punctuation omitted.) *Lavan v. Philips*, 184 Ga. App. 573, 574 (362 SE2d 138) (1987).

In this case, the demand for trial was not "delivered for filing to the clerk." Rather, the trial court found that the demand was delivered to the court administrator's office. Moreover, there is no evidence that the demand was ever received in the clerk's office. A trial court's findings of fact will not be disturbed unless they are clearly erroneous. *Johnson v. State*, 203 Ga. App. 896, 897 (3) (418 SE2d 155) (1992). The evidence supports the trial court's finding that the demand for trial was not filed in the clerk's office. Accordingly, we must affirm the denial of the defendant's motion to acquit him of the offenses for which he was charged.

Defense counsel argues that Patten took all reasonable measures to assure receipt by the clerk's office. However, substantial compliance with OCGA § 17-7-170 is insufficient to trigger a discharge and acquittal. "The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been a strict compliance with the statute." *Carter v. State*, 226 Ga. App. 198 (486 SE2d 79) (1997); accord *Maddox v. State*, 218 Ga. App. 320, 322 (1) (461 SE2d 286) (1995).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JULY 9, 2001.

*Corinne Mull-Milsteen*, for appellant.
*J. Tom Morgan, District Attorney, Jennifer M. Daniels, Assistant District Attorney*, for appellee.  ·