## S01A1524. THE STATE v. BELL.
### (559 SE2d 477)

CARLEY, Justice.

Henry Bell was arrested for murder in December 1995, but was not indicted until April 1996. In July 1996, he filed a pleading styled as a "Motion to Set Jury Trial." In August 1999, he moved to dismiss the case pursuant to OCGA § 17-7-171 and, in November of that same year, he also moved to dismiss based upon an alleged violation of his Sixth Amendment right to a speedy trial. After a hearing, the trial court granted both motions. The State brings this appeal from the trial court's dismissal orders.

1. The State contends that Bell's 1996 motion does not satisfy the requirements of OCGA § 17-7-171, because it did not provide the prosecution with adequate notice that he was seeking a speedy trial and not merely a jury trial. Although the pleading does not expressly reference the statute or demand a "speedy" trial, such specifics are unnecessary. "No particular form is required 'so long as the demand can reasonably be construed as a demand for trial under the provisions of [the statute].' [Cit.]" *Baker v. State*, 212 Ga. App. 731, 732 (442 SE2d 815) (1994) (dealing with OCGA § 17-7-170, which applies to non-capital cases). The motion in this case was not misleadingly styled as simply a demand for a jury trial. Compare *Kramer v. State*, 185 Ga. App. 254 (363 SE2d 800) (1987). The caption identifies it as a request that the State "set" Bell's case for a jury trial, and correctly specifies the number of the indictment which charged him with murder. In the body of the motion, he requested that a jury trial be held "in his capital case within the next two terms of court. . . ." This is a demand that the prosecution comply with OCGA § 17-7-171 (a). The pleading, considered in its entirety, was clear as to its purpose and the right which it sought to enforce. A motion is sufficient to invoke the extreme sanction of OCGA § 17-7-171 so long as it constitutes a demand to be tried within the next two succeeding terms of court. See *Forbus v. State*, 250 Ga. 24 (295 SE2d 530) (1982) (approving Court of Appeals' construction of OCGA § 17-7-170 in *State v. Adamczyk*, 162 Ga. App. 288, 289 (290 SE2d 149) (1982)).

The dissent correctly notes that a defendant who seeks a speedy trial pursuant to OCGA § 17-7-171 must comply strictly with the applicable statutory requirements. In determining what those requirements are, however, we must adhere to applicable legal principles, one of which is that "there is no magic in mere nomenclature, even in describing pleadings. [Cit.] Under our rules of pleading[,] substance, not mere nomenclature, controls. [Cit.]" *Marshall v. State*, 229 Ga. 841 (1) (195 SE2d 12) (1972). The style of Bell's pleading clearly identified it as a request for the scheduling of a jury trial, and not as a simple request that he be tried by a jury whenever the trial might be held. Compare *Bennett v. State*, 244 Ga. App. 149, 150 (1)

(534 SE2d 881) (2000). The document expressly requested that a jury trial on the murder charge be held within the next two terms of court. Compare *Bennett*, supra. Under the applicable rules of construction of pleadings, the trial court correctly found that Bell's motion strictly complied with the requirements of OCGA § 17-7-171.

2. The State asserts that Bell waived his statutory right to a speedy trial by failing to appear at the timely call of his case in September 1996. At the hearing on the motion to dismiss, however, Bell and his trial counsel testified that they were present and announced "ready" when the case was called on that occasion. The State presented evidence to the contrary, but the trial court expressly found that the testimony of Bell and his counsel was more credible. "The finder of fact, in this case the superior court judge, is the final arbiter of the weight of the evidence and the credibility of witnesses." *Hughes v. Cobb County*, 264 Ga. 128, 130 (1) (441 SE2d 406) (1994). The State had the burden to show that Bell waived his statutory right to a speedy trial. *Sykes v. State*, 236 Ga. App. 518, 520 (2) (511 SE2d 566) (1999). The trial court's finding that the State did not meet that burden will not be disturbed.

3. The trial court correctly held that Bell is entitled to dismissal of the murder charge in accordance with OCGA § 17-7-171 (b). The additional issue regarding the denial of his constitutional right to a speedy trial is moot and need not be addressed.

*Judgment affirmed. All the Justices concur, except Benham and Hines, JJ., who dissent.*

BENHAM, Justice, dissenting.

I respectfully dissent to the majority's affirmance of the trial court's grant of the defendant's motion for an absolute discharge and acquittal of the murder charges pending against him. Given the extreme nature of the sanction of absolute discharge and acquittal, it can only be invoked when there has been strict compliance with OCGA §§ 17-7-170 and 17-7-171, the statutes which prescribe the means by which a criminal defendant may assert the right to speedy trial after indictment. *Patten v. State*, 250 Ga. App. 498, 499 (552 SE2d 110) (2001); *Hanson v. State*, 196 Ga. App. 589 (1) (396 SE2d 510) (1990). I do not believe the document which defendant Bell relies upon as a demand for trial is in strict compliance with the minimum acceptable standard for asserting the statutory right to a speedy trial. Furthermore, I believe it is time for this Court to finish the task begun 20 years ago in *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982), when Judge Banke undertook to "discourage th[e] type of draftmanship" through which attorneys seek to use a variety of requests, demands and motions as valid demands for trial filed pursuant to OCGA §§ 17-7-170 and 17-7-171.

1. OCGA § 17-7-171 requires a defendant to enter a "demand for

trial." In the case at bar, defendant Bell did not enter a *demand*; rather, he filed a motion in which he *requested* a trial by jury in the next two terms. See attached copy. "A 'request' is not a 'demand.' [Cit.] The use of the term 'request' instead of 'demand' cannot 'reasonably be construed' to demand a speedy trial. . . ." *Bennett v. State*, 244 Ga. App. 149 (1) (534 SE2d 881) (2000) (a document in which the defendant "requests a jury trial pursuant to OCGA § 17-7-170" failed to meet the minimum acceptable standard for asserting the defendant's right to a speedy trial). Furthermore, the use of the caption, "Motion to Set Trial," on the document in which defendant Bell purportedly demanded a speedy trial does not set out "the *exact* nature of the pleading," as required by Uniform Superior Court Rule 36.3.

> [T]he recipient of a document captioned as a ["Motion to Set Trial"] will not necessarily attribute to it the same "*exact* nature" as would be attributed to a document captioned as a "DEMAND FOR TRIAL." A written [motion to set trial] is not analogous to a demand for trial pursuant to OCGA § 17-7-170 [or § 17-7-171]. . . . The caption does not set "out the *exact* nature" of the pleading as containing an additional demand by [Bell] for a speedy trial pursuant to OCGA § 17-7-17[1].

*Kramer v. State*, 185 Ga. App. 254, 255-256 (363 SE2d 800) (1987). Consequently, the motion may not serve as a demand for speedy trial pursuant to OCGA § 17-7-171. Id.[1]

2. In 1982, Judge Banke made a laudable effort in *State v. Adamczyk* to bring an end to the seemingly unending litigation concerning the specificity of a demand for trial that could result in statutory discharge and acquittal. He was, however, unable to close the door completely on the subject, as evidenced by the two decades of litigation which have ensued. While "substantial compliance" with either of the statutes authorizing the filing of a demand for speedy trial is insufficient to trigger discharge and acquittal (*Patten v. State*, supra, 250 Ga. App. at 499), and appellate case law requires that the caption of the pleading in which the demand for speedy trial is made contain "the *exact* nature of the pleading" before discharge and acquittal occur (*Kramer v. State*, supra, 185 Ga. App. 254), the appellate courts have been reluctant to adopt a hard and fast rule as to what constitutes a demand for speedy trial sufficient to permit dis-

---

[1] As an example of the reason why our trial courts have rules requiring a pleading's caption to reflect the exact nature of the pleading, I note that the superior court clerk's office describes the motion in the index of the case record as a "Letter Requesting Trial by Jury. Filed June 26, 1996."

charge and acquittal should the demand not be honored. The *Adamczyk* court declined to require any particular form, deeming a pleading sufficient if it "[could] reasonably be construed as a demand for trial under the [statutory] provisions. . . ." 162 Ga. App. at 290. Over the last twenty years, the variety of appellate determinations of what "[could] reasonably be construed as a demand for trial under the [statutory] provisions" has led us back to the confusion the *Adamczyk* court faced. Accordingly, I believe it is time we resort to requiring that a valid demand for speedy trial be couched in a particular form. Such a form would require that the demand be contained in a pleading containing no other subject matter, that the pleading be captioned DEMAND FOR SPEEDY TRIAL PURSUANT TO OCGA § 17-7-170 or § 17-7-171 (whichever is applicable), and that the pleading contain the style of the case and the case number or indictment number in which it is being filed. The use of these standards, it is hoped, will make the filing of a demand for speedy trial more of an administrative process rather than one requiring a judicial imprimatur.

In sum, defendant Bell's "Motion to Set Trial" does not qualify under current appellate case law as a valid demand for speedy trial so as to entitle the pleader to automatic discharge and acquittal of the murder charge for which he was indicted, and the trial court's ruling to the contrary should be reversed. Accordingly, I dissent to the majority's affirmance of the trial court's ruling. To avoid this type of litigation in the future, the Court should hold that a statutory demand for speedy trial will not be valid unless the pleading in which it is contained meets the standards set forth above.

I am authorized to state that Justice Hines joins this dissent.

DECIDED FEBRUARY 4, 2002.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellant.
*J. Robert Joiner*, for appellee.