# Court of Appeals
# of the State of Georgia

ATLANTA,  April 15, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1471. DOMINIQUE MOORE v. THE STATE.**

In 2018, Dominique Moore pled guilty to armed robbery and possession of a firearm during the commission of a felony . In February 2025, Moore filed a pro se "motion for void sentence/involuntary plea/failure to arraign." In his motion, Moore contended that the court's failure to arraign him rendered his conviction void. The trial court denied the motion, and Moore filed this direct appeal.[1] We, however, lack jurisdiction.

Regardless of nomenclature, the purpose of Moore's motion was to challenge the validity of his conviction.  See *State v. Bell*, 274 Ga. 719, 719 (1) (559 SE2d 477) (2002) (when a court considers pleadings, substance controls over nomenclature); *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011) ("[c]ourts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought").  The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

---

[1] Moore also filed an application for discretionary appeal from the same order. See Case No. A25D0326.

Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*  04/15/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*