**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 6, 2026**

# In the Court of Appeals of Georgia

A25A1863.   OGLESBY   v.   TOTAL   DIAGNOSTIC   &
INTERVENTIONAL PAIN, P.C.

DOYLE, Presiding Judge.

After the trial court denied Dr. Takia Oglesby's motion to open default and to set aside the default judgment in favor of Total Diagnostic & Interventional Pain, P. C. ("TDIP"), and issued a certificate of immediate review, this Court granted his application for interlocutory appeal. Oglesby appeals, arguing that the trial court abused its discretion by denying his motion for reconsideration and/or to set aside the default judgment and open default. For the reasons that follow, we vacate that order and remand for further proceedings consistent with this opinion.

"We review an appeal from a trial court's ruling on a motion for default judgment for abuse of discretion." *Moore-Waters v. Met-Test, LLC*, 335 Ga. App. 761,

761 (782 SE2d 848) (2016). See also *Smith v. Parks Hotel & Resorts, Inc.*, 364 Ga. App. 192, 196 (874 SE2d 383) (2022) (review of a motion to set aside a default judgment for manifest abuse of discretion).

Viewed in this light, the record shows that on February 26, 2021, TDIP filed in Muscogee County Superior Court a complaint against Oglesby for various claims surrounding his obligations as a 50 percent owner of TDIP and representations he allegedly made to the co-owner of the company.

On April 7, 2021, Oglesby filed a motion to dismiss three of the nine counts in the complaint and/or to consolidate the litigation with a second case filed by TDIP in Troup County the same day as the instant action and a third case filed by Oglesby in Fayette County on March 12, 2021, against TDIP, its co-owner David Mitchell, and five related corporate entities. Attached to Oglesby's consolidated motion were file-stamped copies of the complaints from Fayette and Muscogee Counties (the latter appearing to be an error because the motion stated that the Troup County complaint was attached).

TDIP responded that the consolidated motion should be denied and noted that Oglesby was served in the Muscogee County case on March 7, 2021; it attached a copy of the Troup County complaint to its response. On June 7, Oglesby replied.

Thereafter, on July 1, 2021, Oglesby filed a motion to open default under OCGA § 9-11-55 and attached an answer to the motion as an exhibit. Oglesby claimed that TDIP had not filed a return of service of process (none was listed on the docket), thus excusing his failure to answer under OCGA § 9-11-4(h). Alternatively, Oglesby urged the trial court to open the default, claiming that (1) he timely filed the consolidated motion; and (2) he had shown a proper case for opening default with an answer appended to the motion to open default. TDIP responded on August 2, contending that it had filed with the court the return of service of process on March 8, 2021, appending the purportedly filed sheriff's affidavit.

After a September 7 remote hearing that was not transcribed for the record, the trial court denied Oglesby's motion on October 14, 2021, finding that because he did not include an affidavit with the motion to open default, Oglesby had failed to satisfy

3

all the conditions precedent to opening default.[1] The court did not reference the lack of a docketed return of service or its effect on the time for filing an answer.

Thereafter, TDIP moved for default judgment as to liability, and Oglesby filed a renewed motion to open the default; the trial court granted TDIP default judgment as to liability only, reserving the issue of damages. The trial court denied Oglesby's consolidated motion to dismiss and/or to consolidate cases. On January 14, 2022, Oglesby moved for reconsideration of the default judgment order and requested a certificate of immediate review. The next month, Oglesby filed a renewed motion to open default and to set aside the default judgment.

Discovery ensued, and more than three years later, the court held a hearing on the renewed motion to open default/set aside default judgment in January 2025.[2] In February 2025, the trial court denied Oglesby's various motions, finding that he had

---

[1] The evening of the October 7 hearing, Oglesby filed an amended motion to open default, which included an affidavit from his attorney. In response, TDIP filed a motion to strike the affidavit as untimely.

[2] At the hearing, Oglesby explained that the parties had litigated his Fayette complaint as well as TIDP's counterclaims, which were the same claims it had asserted in the complaint at issue in Muscogee County. Oglesby's attorney stated that this included taking "eight to ten depositions [and the exchanges of] thousands and thousands of pages of documents ... between the parties."

not met all the conditions precedent to opening default because the affidavits and his verified answer, which it found contained only form defenses and general denials, did not contain any facts establishing a meritorious defense. Moreover, the trial court found that pretermitting whether Oglesby had met the conditions precedent, he had not established excusable neglect or proper case. The court also found meritless Oglesby's argument concerning the return of service. The trial court issued a certificate of immediate review, and this appeal followed.

In several enumerations of error, Oglesby argues that the trial court abused its discretion by entering default judgment as to liability against him and by failing to open default and/or accepting his July 1, 2021 answer. We agree.

Pursuant to OCGA § 9-11-55(a), a case is automatically in default if a timely answer has not been filed within 30 days of service.

> The default may be opened as a matter of right by the filing of [certain] defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default.

OCGA § 9-11-55(a).

5

Although a defendant must answer within 30 days of service, OCGA § 9-11-4(h) (2010) requires that "[t]he person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed." See Ga. L. 2010, p. 822, § 4. OCGA § 9-11-4(h) explains what constitutes proof of service:

> (1) If served by a sheriff or marshal, or such official's deputy, the affidavit or certificate of the sheriff, marshal, or deputy;
>
> (2) If by any other proper person, such person's affidavit;
>
> (3) In case of publication, the certificate of the clerk of court certifying to the publication and mailing; or
>
> (4) The written admission or acknowledgment of service by the defendant.

Thus, we must first determine whether the trial court correctly concluded that proof of service was "filed" in this case on March 8, 2021, such that the answer Oglesby appended to his motion to open default was untimely filed.

Here, as argued by Oglesby in his July 1, 2021 motion to open default, no return of service appears in the docket prior to that date. Indeed, the appellate record contains no docketed file-stamped return of service. There is only a copy of a sheriff's entry of service attached to TDIP's August 1, 2021 response to the motion to open default. The appended sheriff's return of service, however, is not independently in the record and is not file-stamped like the properly docketed documents. Instead, that entry of service is stamped "received" by the superior/state court with an obscured date that the parties acknowledge is March 8, 2021, and it lacks the superior court case number. All the properly docketed filings are stamped e-filed in the office of the superior court clerk and contain the appropriate case number and signature of the court clerk. Additionally, in support of his argument, Oglesby appended a copy of the trial court docket showing the case docket as of his July 1 motion to open default, evincing no docketed return of service. And again, the appellate record, which was certified as complete, does not contain a sheriff's return of service docketed on March 8, 2021, or any other date except the one appended to TDIP's August 2 response.

With valid service on a defendant and thus jurisdiction and a pending suit, the only consequence of a plaintiff not filing proof of that service within five business days is that the 30-day time period for the

properly served defendant to answer the complaint does not begin to run until the proof is filed. See OCGA § 9-11-4(h). Failure to file proof of service within five business days pursuant to OCGA § 9-11-4(h) does not divest the court of jurisdiction over a properly served defendant or provide an independent basis for challenging the sufficiency of service of process[ — t]he only effect of the timing of [a plaintiff's failure to file] the proof of service [i]s to extend the time for [a defendant] to answer the complaint[.]

*Perry v. Peterson*, 376 Ga. App. 444, 450(2) (919 SE2d 472) (2025) (citation modified).

See *Ogundana v. Ogundana*, 375 Ga. App. 527, 528 (916 SE2d 754) (2025) (holding that the failure to file proof of service by publication meant that the time for filing an answer had not run); *The Radiology Group, LLC v. Marks*, 371 Ga. App. 493 (901 SE2d 326) (2024) (reversing the grant of default judgment because the return of service was not filed, and therefore, the answer was not due); *Barbour v. Sanghana*, 346 Ga. App. 13, 15-16(2) (815 SE2d 228) (2018) (explaining that in the event of e-filing errors "a court will enter appropriate relief such as the allowance of filings nunc pro tunc or the *provision of extensions to respond*") (quoting USCR 36.16(F); emphasis added). Compare with *Lewis v. Waller*, 282 Ga. App. 8 (637 SE2d 505) (2006) (decided prior to the 2010 amendment to OCGA § 9-11-4(h)).

At the time that Oglesby had filed the July 1, 2021 motion to open default with attached answer to the complaint, no return of service had been properly filed in the case, and therefore, Oglesby's attached answer was not untimely. TDIP may have submitted the return to the clerk, but the failure of the return to be stamped filed and included into the appropriate case means that we cannot agree with the trial court that the document should be deemed "filed" within the meaning of OCGA § 9-11-4(h) such that Oglesby had to answer within 30 days of March 7, 2021. See *Olungdana*, 375 Ga. App. at 528; *Marks*, 371 Ga. App. at 493; *Brown v. Webb*, 224 Ga. App. 856, 856–57 (482 SE2d 382) (1997) ("having someone in the clerk's office stamp a pleading as received is not the same as filing the pleading"). See also *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 644(1) (440 SE2d 214) (1993) (explaining that Georgia policy favors decisions on the merits of a case rather than by default). But see *Patton v. State*, 250 Ga. App. 498, 498–99 (552 SE2d 110) (2001) (declining to dismiss a criminal case because speedy trial demand was not stamp filed); *Laven v. Phillips*, 184 Ga. App. 573, 573–74 (362 SE2d 138) (1987) (reversing the dismissal of a complaint stamp filed two days after the statute of limitation expired and holding that it should have been deemed filed two days earlier in light of evidence that it had been delivered

9

to the clerk with the intent to be filed). Thus, the trial court abused its discretion in finding otherwise.

TDIP argues that in Oglesby's July 1 motion to open default, he admits that the return of service was filed because of language therein claiming that the return was defective, but this argument is of no moment. The referenced language states that the return was "produced" to Oglesby and is not an admission that the return was "filed" or that it was "filed" under the meaning of OCGA § 9-11-4(h). Accordingly, because the proof of return of service was not properly filed in the case prior to Oglesby's July 1, 2021 motion to open default and answer, Oglesby was not required to move to open default, and the trial court abused its discretion (1) by failing to deem the attached answer as timely filed, (2) by entering default judgment for TDIP as to liability, and (3) by denying Oglesby's various motions to open default or set aside the default judgment as well as his motion to dismiss and/or to consolidate. Therefore, those orders are vacated, and on remand, the trial court should deem timely filed the July 1, 2021 appended answer and address the merits of Oglesby's motion to consolidate

and/or to dismiss three of the counts of the complaint.

*Judgment vacated and case remanded with direction. Markle and Padgett, JJ.,*

*concur.*