A92A2267. KEVINEZZ v. THE STATE.
(428 SE2d 366)

BLACKBURN, Judge.

On July 2, 1991, the appellant was arrested for misdemeanor offenses of vehicular homicide in the second degree, following too close, and having no proof of insurance. On July 24, 1991, counsel for the appellant filed certain motions, including one entitled "Demand for Jury Trial." Formal accusations were filed in the State Court of Clayton County on September 6, 1991, but on October 2, 1991, after receipt of a lab report which indicated the presence of marijuana in the appellant's blood and cocaine in her urine at the time of the incident, the case was transferred to the superior court. On October 30, 1991, the appellant was indicted for the felony offense of vehicular homicide and misdemeanor offenses of driving under the influence, following too close, and having no proof of insurance.

On November 15, 1991, the appellant filed a motion for acquittal, claiming that her demand for jury trial constituted a demand for speedy trial under OCGA § 17-7-170. Following a hearing, the trial court denied the motion for acquittal, on the grounds that the appellant's demand for jury trial did not ask for a speedy trial, did not cite OCGA § 17-7-170, and did not contain language sufficient to put the

---

state on notice that failure to try the appellant within two terms of court should result in discharge and acquittal. This appeal followed.

1. Although a purported copy of the appellant's "Demand for Jury Trial" is attached to the appellant's brief, the record does not contain the demand. This omission alone warrants affirmance of the denial of the appellant's motion for acquittal. " 'It is a well-established appellate rule that " '(t)he burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issue raised by the enumeration of error, is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.' " (Cit.)' [Cit.]" *Wells v. State*, 201 Ga. App. 398, 399 (411 SE2d 125) (1991). The appellant's burden of showing error affirmatively by the record is not discharged by recitations in the brief. *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549) (1980).

2. In any event, assuming that the copy attached to the appellant's brief is accurate, that "Demand for Jury Trial" was insufficient to constitute a demand for speedy trial under OCGA § 17-7-170 and invoke the extreme sanction of discharge and acquittal. That demand stated only: "Comes now the defendant in the above-styled case, and prior to arraignment and without waiving formal arraignment or any other rights, hereby demands a trial by jury. The defendant asks that this demand be placed upon the minutes of this Court."

"[A] demand which merely requests a trial by jury is insufficient; to invoke the extreme sanction of OCGA § 17-7-170 the demand must provide a reasonable reference to the provisions of that section, or otherwise clearly indicate that it is a demand for speedy trial." *State v. Prestia*, 183 Ga. App. 24, 25 (357 SE2d 829) (1987); see also *State v. Allen*, 192 Ga. App. 730 (386 SE2d 394) (1989). The appellant's demand for jury trial in the instant case does not make any reference to OCGA § 17-7-170 or indicate in any way the demand for a speedy trial.

The appellant contends that a proposed order that was submitted along with the Demand for Jury Trial may be read in conjunction with the demand for jury trial to satisfy those requirements. That proposed order also is not contained in the record, but, assuming its content as maintained in the appellant's brief, it merely ordered that the demand for jury trial was to be placed upon the minutes of the court, and "that the defendant shall be tried by a jury at this term or at the next term of this court." The proposed order provided a signature space for the superior court (although the demand for jury trial was filed with the state court), but it was not signed. We reject the appellant's contention that such a proposed order, which may or may not be signed and entered by the court, may supplement a simple demand for jury trial and convert it into a demand for a speedy trial.

To do so would allow the appellant to "sandbag" the prosecution.

The nomenclature of a motion is not controlling on the trial court, *State v. Allen,* supra, but the proposed order supposedly submitted by counsel for the appellant along with the demand for jury trial may not reasonably be taken as a motion. Even if it were, it fails to identify the charges pending against the appellant by name, date, term of court, or case number, and thus would be insufficient to put the state on notice of the intention to invoke the sanction of OCGA § 17-7-170. *Ferris v. State,* 172 Ga. App. 729 (1) (324 SE2d 762) (1984).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 —

*Michael B. King,* for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney,* for appellee.