A93A2416. DYAL v. THE STATE.
(440 SE2d 716)

McMURRAY, Presiding Judge.

Defendant was indicted during the April 1992 term of court in the Superior Court of Bacon County, Georgia, for theft by taking (Count 1) and criminal damage to property in the first degree (Count 2). During the same term of court, defendant filed a document entitled, **"MOTIONS FILED ON BEHALF OF DEFENDANT."** The fifth paragraph of this motion is entitled, **"DEMAND FOR SPEEDY TRIAL,"** and provides as follows: "Comes now, the Defendant in the above styled case and makes demand upon the State for a speedy trial."

Defendant was not tried during the term of court following his demand for trial, said term beginning on the second Monday of October 1992 and extending to the third Monday of April 1993. OCGA § 15-6-3 (41) (A). On the fourth Monday of April 1993 (April 26, 1993), defendant filed a motion for automatic discharge and acquittal pursuant to OCGA § 17-7-170 (b). The trial court denied this motion and defendant later entered guilty pleas to the offenses charged in the indictment, conditioned upon the right to appeal the denial of his motion for automatic discharge and acquittal. See *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824). The trial court approved defendant's conditional guilty pleas and this direct appeal followed. *Held*:

The demand for trial contained in the fifth paragraph of defendant's document entitled, **"MOTIONS FILED ON BEHALF OF DEFENDANT,"** is insufficient to invoke the speedy trial requirements of OCGA § 17-7-170 (b). See *Cummins v. State*, 202 Ga. App. 155 (413 SE2d 773); *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149). Consequently, the trial court did not err in denying defendant's

demand for discharge and acquittal.

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the judgment reached by the majority; however, I would affirm this case based on the trial court's rationale, rather than that expressed in the majority.

In the present case, the defendant filed a two-page document entitled motions filed on behalf of defendant which clearly set forth his demand for speedy trial in bold and all capital letters. Thereafter, the trial court held a hearing on defendant's motion for discharge and acquittal pursuant to his speedy trial request. The trial court determined that after defendant's motion for speedy trial was filed on August 6, 1992, no criminal jury was impaneled during the remainder of the April 1992 term of court. The trial court also determined that one criminal jury was impaneled during the third week of the October 1992 term of court. The trial court held that as defendant's motion for discharge and acquittal was filed during the court's April 1993 term of court, it was premature pursuant to our analysis in *Smith v. State*, 199 Ga. App. 771 (406 SE2d 118) (1991). I agree and would affirm on that basis.

DECIDED FEBRUARY 3, 1994.

*Francisco B. Gonzalez*, for appellant.

*H. Donnie Dixon, Jr.*, District Attorney, *George E. Barnhill*, Assistant District Attorney, for appellee.