A93A1777. BAKER et al. v. THE STATE.
(442 SE2d 815)

BEASLEY, Presiding Judge.

Appellants bring this appeal from the trial court's denial of their motion for discharge and acquittal pursuant to OCGA § 17-7-170.

In February 1991, appellants were indicted for the offenses of ag-

gravated assault and aggravated battery. On April 1, 1991, they filed a "Demand For Trial" which read as follows: "Comes now [defendants], by and through their attorney-at-law, Michael B. Perry, before arraignment and demand a speedy trial." On February 1, 1993, more than two terms after the demand for speedy trial was filed, appellants filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170. The trial court denied the motion on the ground appellants' demand could not reasonably be construed as referencing OCGA § 17-7-170 and thus was not sufficient to invoke the extreme sanction of discharge and acquittal provided for by that statute.

It is true that " '[a] demand which merely requests a trial by jury is insufficient; to invoke the extreme sanction of OCGA § 17-7-170 the demand must provide a reasonable reference to the provisions of that section, or otherwise clearly indicate that it is a demand for speedy trial.' *State v. Prestia*, 183 Ga. App. 24, 25 (357 SE2d 829) (1987)." *Kevinezz v. State*, 207 Ga. App. 456, 457 (2) (428 SE2d 366) (1993). No particular form is required "so long as the demand can reasonably be construed as a demand for trial under the provisions of [OCGA § 17-7-170]." *State v. Adamczyk*, 162 Ga. App. 288, 290 (290 SE2d 149) (1982).

Although appellants' demand for trial does not specifically reference OCGA § 17-7-170, it does "clearly indicate that it is a demand for speedy trial." *Prestia*, supra at 25. In *Ferris v. State*, 172 Ga. App. 729 (1) (324 SE2d 762) (1984), we found the defendant's demand which sought a "speed[y] trial of any or all charges" was insufficient to invoke the sanction of acquittal of OCGA § 17-7-170 solely because it did not identify the charges against the defendant by name, date, term of court or case number. Because appellants' demand for trial both requested a speedy trial and recited the style of the case and the indictment number to which it applied, the demand was sufficient to invoke the provisions of OCGA § 17-7-170 providing for discharge and acquittal. See *Ferris*, supra at 731.

*Dyal v. State*, 211 Ga. App. 816 (440 SE2d 716) (1994), is not precedential. Moreover, it is distinguishable because Dyal's demand was buried in a comprehensive motions document. Baker's demand was a separate document, specifically denominated. It constituted a clear indication that he invoked the statutory right; it was not equivocal or ambiguous nor could it have been taken for anything else than what it was. Requiring a *reference* to OCGA § 17-7-170 exalts form over substance.

As to the other prerequisites for discharge and acquittal, the trial court noted in its order denying the motion that both the term during which appellants' demand was filed and the next succeeding term had expired. Appellants state in their brief that juries were impaneled and qualified to try the case during both of these terms. The State does

not dispute this statement in its appellate brief or on motion for reconsideration and essentially appears to concede this fact. Accordingly, pursuant to Court of Appeals Rule 15 (b) (1), appellants' statement that juries were impaneled and qualified to try the case during both terms is prima facie true. We further note that had juries not been available, there would have been no reason for the trial court to have reached the issue of whether the demand was sufficient in content.

In *Scott v. State*, 206 Ga. App. 17, 18 (424 SE2d 325) (1992), we held that "[s]ince jurors were impaneled and qualified to try appellant[s] during the term in which [their] demand for trial was made and the next succeeding term, and appellant[s] [were] not tried during either of those terms, it was error to deny [their] motion for discharge and acquittal of the charge[s] against [them]." (Citations and punctuation omitted.)

The court similarly erred in this case.

*Judgment reversed. Birdsong, P. J., Johnson, Blackburn and Smith, JJ., concur. Pope, C. J., McMurray, P. J., Cooper and Andrews, JJ., dissent.*

COOPER, Judge, dissenting.

In *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982), this court recognized that it had been unduly liberal in its construction of what constitutes a valid demand for speedy trial sufficient to invoke the extreme sanctions of OCGA § 17-7-170. As a result, the full bench held that "a demand for trial will not be considered sufficient to invoke the extreme sanction of [OCGA § 17-7-170] unless it is presented for what it is — a demand to be tried within the next succeeding term of court." Id. at 289-290. While we noted that no particular form was required, in clear and unequivocal language, this court declared that it would no longer sanction the acquittal of defendants who failed to reference OCGA § 17-7-170 or its provisions. It is a minimal requirement to invoke such an extreme sanction. Somehow the test was expanded in *State v. Prestia*, 183 Ga. App. 24 (357 SE2d 829) (1987), to find a demand sufficient if it "otherwise clearly indicate[s] that it is a demand for speedy trial." Id. at 25. Since the inclusion of this language, the cases which have succeeded *Prestia* bear witness to the evisceration of the rule plainly stated in *Adamczyk*, and we now find ourselves back where we were before *Adamczyk* was decided. In my view, requiring mere reference to the statute or its provisions does not constitute imposition of a particular form. In the instant case, mere inclusion of the phrase "speedy trial" is not sufficient, and the trial court was correct in denying appellants' motion for discharge and acquittal.

I am also concerned about the majority's reliance on Court of Ap-

peals Rule 15 (b) (1) and representations made by appellants in their appellate brief that juries were impaneled and qualified to try the case during both terms of court. The record is devoid of any such evidence, and I caution that Rule 15 should not be cited in lieu of the long-standing rule that factual allegations made in briefs but unsupported by the record will not be considered on appeal.

I am authorized to state that Chief Judge Pope, Presiding Judge McMurray and Judge Andrews join in this dissent.

DECIDED MARCH 14, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994 — 

*Michael B. Perry*, for appellants.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.