## A95A1830. RINGO v. THE STATE.
(466 SE2d 660)

JOHNSON, Judge.

Robert Ringo appeals the trial court's denial of his motion for discharge and acquittal. Accusations were returned charging Ringo with speeding and driving under the influence of alcohol on January 21, 1994. On February 24, 1994, Ringo filed various pre-trial motions, including a motion to suppress, and a timely speedy trial demand pursuant to OCGA § 17-7-170. The first sentence of the speedy trial demand states: "Now comes the Defendant and demands a TRIAL BY JURY, and this is a request for speedy trial under O.C.G.A. § 17-7-170." In March, Ringo filed a document purporting to withdraw his request for jury trial. In July, the court granted the State's request to continue the case off a July 14, 1994 trial calendar. On August 1, 1994, the court heard argument on Ringo's pre-trial motions, including his motion to suppress, which it granted in part and denied in part. At the hearing, the trial court judge informed the parties that the case would be tried by a jury because he feared his knowledge of the suppressed intoximeter results might color his evaluation of the remaining evidence. Also at the hearing, the court removed the case from an August 15, 1994 trial calendar, with the clear consent of Ringo's counsel, and directed the State not to put the case on a trial calendar until the Georgia Supreme Court either granted or denied the State's petition for a writ of certiorari of this Court's opinion in *State v. Leviner*, 213 Ga. App. 99 (443 SE2d 688) (1994). The petition for a writ was

denied,[1] and the case was placed on an October jury trial calendar. On October 7, 1994, the trial court granted Ringo's motion to continue the case off the October jury calendar because his attorney was scheduled for outpatient surgery. On November 10, 1994, Ringo filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170. The motion was denied on February 6, 1995.

The Gwinnett Circuit has six regular terms of court each year, beginning on the first Monday in January, March, May, July, and November and the second Monday in September. OCGA § 15-6-3 (20); Ga. L. 1981, pp. 3033, 3034, § 2. Ringo filed his demand for speedy trial during the January term. Jurors were impaneled during the January and March terms. Therefore, in order to comply with his speedy trial demand, Ringo should have been tried before the end of the March 1994 term, the second regular term of court following the term in which his demand was filed. Compare *White v. State*, 202 Ga. App. 370, 371 (414 SE2d 296) (1991).

The State argues that by filing a withdrawal of his demand for a trial by jury, Ringo also withdrew his speedy trial demand. However, our review of the document does not provide us with any basis for making such an assumption. It was captioned "Defendant's withdrawal of demand for trial by jury and objection to the state's demand for trial by jury." No mention was made of the demand for speedy trial and we conclude that Ringo's withdrawal of a request for a jury trial did not either explicitly or impliedly withdraw his demand for a speedy trial. In the alternative, the State contends that Ringo's continued participation in pre-trial hearings, and acquiescence to a continuance proposed by the trial judge constitutes a waiver of any claim that a speedy trial demand was still in effect. The State relies on *State v. Stewart*, 191 Ga. App. 35 (381 SE2d 50) (1989), for the proposition that a defendant waives his right to a speedy trial by agreeing to a continuance for a second term. However, in *Stewart*, the agreement to continue the case beyond the second term was made during a term in which the case could have been tried and satisfied the speedy trial demand. Here, the case was not tried in the January, March or May term. The motion to suppress, which could have tolled the demand had it been granted and appealed by the State, was not argued until August 1, 1994. See *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984). Ringo's agreement to a continuance suggested by the trial judge, and his own request for another continuance for medical reasons, occurred after the end of the second term of court. These actions were of no effect because his discharge had already occurred by operation of law. *Thornton v. State*, 7 Ga. App.

---

[1] See 213 Ga. App. 902 (1994).

752, 753 (1) (67 SE 1055) (1910). Only actions taken by a defendant during the period in which a trial would have satisfied his speedy trial demand can operate as a waiver of a speedy trial demand. Because Ringo was automatically discharged at the close of the March term, the later actions taken by Ringo do not constitute a waiver of his demand for speedy trial. See *Smith v. State*, 192 Ga. App. 604 (386 SE2d 370) (1989). The trial court erred in denying Ringo's motion for discharge and acquittal.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 3, 1996.

*William C. Head*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Susan C. DeVane, Richard E. Thomas, Assistant Solicitors*, for appellee.