## A99A1153. SCHAEFER v. THE STATE.
### (519 SE2d 248)

Judge Harold R. Banke.

George Schaefer appeals the denial of his motion for discharge and acquittal. He asserts that the trial court erred in denying his motion because he filed a speedy trial demand and was not tried within the time required by OCGA § 17-7-170.

Schaefer was arrested for trafficking in cocaine on August 25, 1997. Attorney Greenwald was appointed to represent him the next day. Schaefer was indicted on December 18.

On January 22, 1998, he filed a pro se motion to dismiss Greenwald and replace him with a more experienced attorney. On January 27, Greenwald filed discovery motions on Schaefer's behalf, and Schaefer filed a pro se pleading styled "Demand." The body of this multi-page document is comprised of a series of discovery requests. The introductory paragraph contains a citation of the authorities relied on, such as *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). OCGA § 17-7-170 is cited in the middle of the paragraph.

As a result of a hearing on January 29, the trial court released Greenwald from representing Schaefer and appointed attorney White in his stead. On December 1, attorney Shafer entered an appearance as defendant's attorney of record. On January 20, 1999, Shafer filed the motion for discharge and acquittal. *Held*:

1. As recognized in *Goodwin v. State*, 202 Ga. App. 655, 656 (415 SE2d 472) (1992), a demand for speedy trial has no legal effect whatsoever if filed by a defendant acting pro se at a time when he is represented by counsel.

Schaefer argues that he was not represented by Greenwald when he filed his pro se demand, because he had discharged him before the January 29 hearing. But even if Schaefer informed Greenwald and the court that he no longer desired counsel's services, Greenwald continued to represent him as counsel of record until released by the judge. See *Parham v. State*, 218 Ga. App. 42, 44 (4) (460 SE2d 78) (1995); see also Uniform Superior Court Rule 30.2. It necessarily follows that a pro se demand for speedy trial filed by Schaefer before the release was without legal force.

2. Moreover, we do not interpret Schaefer's "demand" as being one for speedy trial. Rather, it was a demand for discovery, which cited OCGA § 17-7-170 either inaptly or in such manner as to obfuscate the true nature of the motion. In either event, it was insufficient to invoke the extreme sanction of dismissal for failure to hold a speedy trial. See *Baker v. State*, 212 Ga. App. 731, 732 (442 SE2d 815) (1994); *Merrill v. State*, 192 Ga. App. 890, 891 (386 SE2d 684) (1989).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 7, 1999 —
RECONSIDERATION DENIED JUNE 22, 1999 — CERT. APPLIED FOR.

*Herbert Shafer*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.