## A00A1577. PRICE v. THE STATE.
(535 SE2d 766)

ELDRIDGE, Judge.

This is an appeal from the denial of John Charles Price's motion for discharge and acquittal. The following facts were adduced from the record and the transcript of the hearing on the motion:

On July 28, 1995, accusations were drawn and filed against Price, charging him with two counts of driving under the influence of alcohol, one count of speeding, and one count of improper lane usage. He retained attorney William Head to represent him on the charges. On Thursday, November 29, 1995, during the November/December term of court in Fulton County, attorney Head filed on Price's behalf a "Demand For Speedy Trial By Jury Under OCGA § 17-7-170."[1] This was the only demand for a jury trial that was filed in the instant case. The State Court of Fulton County has six two-month terms of court beginning on the first Monday in January of each year.[2] Accordingly, Price's case needed to be tried in either December 1995 or during the January/February 1996 term of court in order to comply with the speedy trial requirements of OCGA § 17-7-170 (b).

Price's case was put on the trial calendar for Monday, January 22, 1996. Mr. Head filed a conflict letter showing a jury trial conflict in the State Court of DeKalb County for the week of January 22. At the call of the calendar on January 22, Mr. Head did not answer. The

---

[1] The text of the demand reads:
NOW COMES the Defendant and demands a TRIAL BY JURY, and this is a request for speedy trial under OCGA § 17-7-170. By copy of this Demand, the Prosecuting Attorney has been served with this statutory demand for trial within the present term or the next term of this court. In the event a jury trial is not had within that time period, Defendant prays that he be acquitted and discharged of all offenses.

[2] OCGA § 15-7-40; Ga. L. 1983, p. 4501, § 1.

calendar clerk testified that:

> [t]he judge, you know, had pretty much gone. We all had been waiting. And when Mr. Head came in, he was talking to me, you know, at first, and then, you know, talking to Mr. Benham [solicitor]. And then they discussed withdrawing the speedy demand.

The solicitor and the calendar clerk both testified that Mr. Head orally withdrew his speedy trial demand and that Mr. Head requested that Price's case be reset: "[Solicitor:] I'm a hundred percent sure that he waived the speedy trial. I would never in any fashion, way, or form agree to a re-set if there was a speedy trial demand in place unless I have a witness problem." The solicitor and the calendar clerk both testified that attorney Head told them he would file "something" immediately in open court which would reflect his withdrawal of the speedy trial demand. With such an understanding, the solicitor agreed to reset Price's case and left the courtroom.

Thereafter, Mr. Head filed with the calendar clerk a document he had already prepared captioned, "Withdrawal of Jury Demand," which stated "Now Comes the Defendant, by counsel, and withdraws his jury demand." At the hearing, the calendar clerk testified that "normally as a practice I try not to take any motions filed in court." However, she agreed to permit Mr. Head to file the document with her because he was in a hurry to leave:

> I said okay because he had somewhere else to go if I can recall. So I said okay, fine, I'll go on and do it for you. So I didn't even bother — I just saw withdrawal and assumed this is what we had already talked about, the speedy trial demand. . . . I mean they're officers of the court — I take their word for it. He said he was withdrawing his speedy so that's what I assumed he did. I didn't think it would come down to an issue of him telling me one thing and him doing something else in writing.

The record shows that Price's case was reset to the March trial calendar, at which time Mr. Head filed another conflict letter. Thereafter, Mr. Head filed numerous applications requesting leaves of absence for dates specific through May 1997. On February 6, 1997, 14 months after the time for a speedy trial had run, Mr. Head filed a motion for discharge and acquittal based on the failure to try Price pursuant to OCGA § 17-7-170 (b).

Mr. Head also testified at the motion hearing, albeit to an entirely different sequence of events from that of the solicitor and the court's calendar clerk. Mr. Head testified that he did not speak to the

solicitor or the calendar clerk at all on January 22, 1996. Mr. Head testified that he had Price's case reset because of a conflict: "I had somewhere to go. I had the Gibbons case to go to. . . . It was re-set for my conflict which the Gibbons case was older." Mr. Head testified that he never told anyone he was withdrawing his speedy trial demand. Instead, Mr. Head stated that he filed a withdrawal of his demand for a jury only, and,

> I was very specific in the wording I used because I had just had a case come back from the Court of Appeals that for the first time ever indicated that you could have a speedy demand and it be a bench trial. There'd never been a case before, and that was *Ringo vs. The State*[, 219 Ga. App. 753 (466 SE2d 660) (1996)]. That case had just come out in January of '96. And I filed not only that one [the withdrawal of jury demand in Price's case] but several more in other courts in DeKalb and the City of Atlanta, in Gwinnett County, several other courts that they were filed in.

Mr. Head testified that, before our decision in *Ringo v. State*, a prosecutor might think that his "Withdrawal of Jury Demand" was the same as a withdrawal of his previously filed "Demand For Speedy Trial By Jury Under OCGA § 17-7-170," especially since such document was the only demand for a jury trial filed in the instant case: "I would think that would be the general consensus. It would have been mine up until that point." However, Mr. Head also testified that "one of the jobs that I have to do as a criminal defense attorney is see if the other side knows the law. That's part of what my job is." In furtherance of this job, Price argues that Mr. Head tested the prosecutor's knowledge by permitting him to think that the withdrawal of jury demand was the same as a withdrawal of his demand for trial by jury under OCGA § 17-7-170:

> Being unfamiliar with the *Ringo* case, Ms. Barnes [clerk] and Mr. Benham [solicitor] both assumed that Appellant's counsel, Mr. Head, was withdrawing the speedy demand by virtue of the withdraw of jury form. . . . Mr. Head was counsel for Ringo on appeal in *Ringo* and as such, he certainly knew that *Ringo* had held that the withdrawal of a jury demand does not constitute a withdrawal of a speedy demand. . . . Clearly, Mr. Head was simply taking advantage of newly decided law.

After consideration of the testimony and evidence of record, the trial court denied Price's motion for discharge and acquittal. *Held*:

1. OCGA § 17-7-170 (a) states in pertinent part that any person against whom an accusation is filed with the clerk may enter a

demand for trial at the court term at which the accusation is filed or at the next succeeding regular court term; thereafter, a demand may be filed only by special permission of the court. In this case, the accusations against Price were filed on July 28, 1995, during the July/August term in Fulton County State Court. See Ga. L. 1983, p. 4501, § 1. Price's demand was not filed during either the July/August term or the succeeding September/October term. Price filed his demand on November 29, 1995. The record does not show, nor does Price claim, that he received special permission from the court to file untimely. Because Price's demand was not filed timely pursuant to the requirements of OCGA § 17-7-170 (a), the trial court did not err in denying his motion for discharge and acquittal. *State v. Black*, 213 Ga. App. 331 (444 SE2d 368) (1994); *Ingram v. State*, 224 Ga. App. 271, 272 (3) (480 SE2d 302) (1997).

2. Our decision in Division 1, supra, resolves the instant case for purposes of this appeal. However, attorney Head testified at the hearing on the motion for discharge and acquittal that he has filed several more demands and partial withdrawals similar to the ones filed in the instant case. We also recognize that Mr. Head is often in the vanguard of original thought where criminal defense practices are concerned. So, it is not unlikely that the propriety of the practice at issue here will again be a factor in the courts below and, as a consequence, an appellate issue before this Court. Accordingly, the practice at issue is not hypothetical, abstract, academic, or moot; resolution of issues relating thereto are appropriate for judicial determination in that discharge and acquittal on a criminal charge for failure to comply with OCGA § 17-7-170 is an extreme sanction which should not be approached incrementally. Especially when the failure to comply may be due to nothing more than confusion that can be alleviated by action from this Court. Accordingly, we will reach the practice of filing a single demand document, captioned as a single demand, containing a single request, and the subsequent effect of a partial withdrawal of the demand.

(a) At the outset, we must address Price's argument that our decision in *Ringo v. State* controls this case. As in the instant case, *Ringo v. State* involved the same attorney employing a practice similar to the one discussed above. However, "[i]t is the duty of the parties, not this Court, to delineate the errors for consideration on appeal." *Cole v. State*, 211 Ga. App. 236, 239 (438 SE2d 694) (1993). In that regard, our decision in *Ringo v. State* focused on the effects of the express language of the withdrawal document: "Ringo's withdrawal . . . did not either explicitly or impliedly withdraw his demand for speedy trial." *Ringo v. State*, supra at 754.

Here, however, Price contends that, prior to our decision in *Ringo v. State*, "a withdrawal of a jury demand may have in fact

served to also withdraw a speedy demand *where both were, as here, submitted on the same form.*" (Emphasis supplied.) As framed by Price, this Court is asked to focus on the effects of the demand document in relation to the withdrawal, which issue was not squarely presented or decided in *Ringo v. State*, supra. Accordingly, *Ringo v. State* is not controlling.

(b) A "demand" for a jury trial need not be made. A criminal defendant has a constitutional right to a trial by jury and will receive one, unless such right is affirmatively waived. Thus, the "Demand Statute" is actually the speedy trial statute, OCGA § 17-7-170. *Reid v. State*, 116 Ga. App. 640, 645 (158 SE2d 461) (1967); *Henry v. State*, 263 Ga. 417, 418 (434 SE2d 469) (1993).

Under prior law, a speedy trial under OCGA § 17-7-170 could be invoked simply by filing a document liberally captioned "Demand for Jury Trial."[3] Confusion resulted, however, from the State's inability to determine from such "demand" whether a defendant was invoking his statutory right to a speedy trial or was, instead, making a formal, written request for a jury trial: "[t]his liberality has given rise to the use of requests, demands, and motions which, though later made the basis for motions for acquittal pursuant to Code § 27-1901 [(now OCGA § 17-7-170)], cannot reasonably be construed as demands for speedy trial." *State v. Adamczyk*, 162 Ga. App. 288, 289 (290 SE2d 149) (1982). So, in order to discourage the drafting of demands that could potentially cause confusion, this Court held that "henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of . . . OCGA § 17-7-170 unless it is presented for what it is — a demand to be tried within the next succeeding term of court." (Punctuation omitted.) *Ferris v. State*, 172 Ga. App. 729, 731 (324 SE2d 762) (1984); *State v. Adamczyk*, supra at 289-290. Thereafter, we held that the caption of the demand should "set[ ] out the *exact* nature of the pleading." (Emphasis in original.) *Kramer v. State*, 185 Ga. App. 254, 255 (363 SE2d 800) (1987). Further, a change in Uniform State Court Rules made it mandatory that "[e]very document or pleading presented for filing . . . shall bear a caption which sets out the *exact* nature of the pleading or the type of complaint." (Emphasis in original.) Uniform Superior Court Rule 36.3.[4] The point was to avoid confusion and circumvent the misleading of any party as to the content and effect of filed pleadings. As succinctly put by Jus-

---

[3] See *Jeffries v. State*, 140 Ga. App. 477 (231 SE2d 369) (1976); *Williams v. State*, 140 Ga. App. 505 (231 SE2d 366) (1976); *Gay v. State*, 140 Ga. App. 516 (231 SE2d 509) (1976); *State v. Smith*, 156 Ga. App. 133 (274 SE2d 130) (1980); *Pless v. State*, 157 Ga. App. 681 (278 SE2d 475) (1981).

[4] "The Uniform Rules for the Superior Courts shall be applicable in State Courts" with exceptions not relevant herein. Uniform State Court Rules, Preamble.

tice Carley when he was a member of this Court, "[t]hose with whom documents are filed and those upon whom documents are served are entitled to rely upon the pleader's compliance with the applicable law and the applicable Rules." *Kramer v. State*, supra at 255.

Since *State v. Adamczyk* and *Kramer v. State*, however, this Court has moved away from the bright line notion that the caption of a demand must set out its exact nature so that such pleading — in the caption, itself — "is presented for what it is — a demand to be tried within the next succeeding term of court." *State v. Adamczyk*, supra at 289-290. See *Aranza v. State*, 213 Ga. App. 192 (444 SE2d 349) (1994). We have found the single-word caption, "Demand," with multiple demands made thereafter in the body of the pleading, sufficient to invoke the right to a speedy trial, as long as "[t]he text of appellant's pleading specified his reliance upon the provisions of OCGA § 17-7-170." *Green v. State*, 191 Ga. App. 873, 875 (383 SE2d 359) (1989); *State v. Prestia*, 183 Ga. App. 24 (357 SE2d 829) (1987). But, caption or text, the emphasis of this Court's review has always been on whether the true nature of the pleading was apparent to all parties and was clearly presented for what it purported to be. See, e.g., *Schaefer v. State*, 238 Ga. App. 594 (2) (519 SE2d 248) (1999); *Merrill v. State*, 192 Ga. App. 890, 891 (386 SE2d 684) (1989). Compare *Baker v. State*, 212 Ga. App. 731, 733 (442 SE2d 815) (1994) (Cooper, J., dissenting).

Now we are faced with a slight twist on the type of review conducted in each of the cases cited above, where at issue was the sufficiency of the demand document. The sufficiency of a demand can be determined on its face, and clearly, Price's "Demand For Speedy Trial By Jury Under OCGA § 17-7-170" was sufficient to invoke the statute. Here, however, the effect of the withdrawal document is at issue. And the efficacy of a withdrawal can only be determined in relation to the pleading it purports to withdraw. The two must be viewed together. Accordingly, the issue here is whether Price's "Withdrawal of Jury Demand" with its single-line text "Now Comes the Defendant, by counsel, and withdraws his jury demand" sets out the exact nature of the pleading so as not to mislead or "obfuscate the true nature of the pleading" *in relation to the demand that it refers to*. See *Schaefer v. State*, supra at 594.

In this case, Price filed a single "demand" which specifically referenced in its caption a "trial by jury under OCGA § 17-7-170" as its single request. Nothing about the caption or the text of the demand indicated that a "demand for trial by jury" was separate from or in addition to a "demand for trial by jury under OCGA § 17-7-170." To the contrary, the text of Price's demand states that "the Defendant

. . . demands a TRIAL BY JURY, and this[5] is a request for speedy trial under OCGA § 17-7-170." See footnote 1, supra. Further, the document then goes on to reference only one demand throughout the body of the text. Thereafter, Price withdrew his "Jury Demand." He now claims that, because the withdrawal mentioned only the word "Jury," his request for speedy trial remains viable. However,

> [t]o give effect to appellant's pleading as a proper [with- drawal] for . . . only a jury trial but [not] for a trial pursuant to OCGA § 17-7-170 would be to endorse resort to the same type of draftsmanship under the Rules that *Adamczyk* sought to discourage. . . . In order for a criminal defendant to obtain the extreme sanction of OCGA § 17-7-170 he must show compliance with the applicable procedure.

*Kramer v. State*, supra at 256. In order to comply with the applicable procedure and put the State on notice of the *"exact* nature" of the withdrawal in relation to the demand it refers to, Price needed — in the caption or the text of the withdrawal — to uncouple what was a single specific demand for "trial by jury under OCGA § 17-7-170." Withdrawal of the "Jury Demand," without specifically separating out any reference to OCGA § 17-7-170, logically incorporates all aspects of the only jury demand that was filed, i.e., the single "Demand For Speedy Trial By Jury Under OCGA § 17-7-170."

Contrary to the view of some, our legal system is not simply an elaborate game of "Gotcha!" This Court does not endorse acquittal by ambush on the part of a defendant any more than it does trial by ambush on the part of the State. Nor do we condone induced error. The object of all legal investigation is the truth, and procedural rules are in place to further such goal in an orderly fashion. Because Price filed a single demand which was specifically captioned and written as a "Demand For Speedy Trial By Jury Under OCGA § 17-7-170," his subsequent "Withdrawal of Jury Demand," without more, served to withdraw his single, previously filed demand in its entirety. The trial court did not err in denying his motion for discharge and acquittal. To the extent that *Ringo v. State* can be read to conflict with this decision, it is overruled.

*Judgment affirmed. Johnson, C. J., Pope, P. J., Andrews, P. J., Blackburn, P. J., Smith, P. J., Phipps and Mikell, JJ., concur. Ruffin, Barnes, Miller and Ellington, JJ., concur in judgment only.*

---

[5] As a matter of grammar, the pronoun "this" refers to the noun phrase, "a trial by jury," which immediately precedes it.

Decided June 9, 2000 —
Reconsideration denied July 14, 2000 

*Jamie S. Wingler*, for appellant.
*Carmen Smith, Solicitor, Oliver E. Murray, Jody L. Peskin, Assistant Solicitors*, for appellee.