A02A0117. PLESS v. THE STATE.
(564 SE2d 508)

RUFFIN, Judge.

A jury found Perry Pless guilty of aggravated assault upon a police officer and simple battery. Pless appeals, asserting error in the

---

[6] See OCGA § 5-6-42.

[9] See *Hameed,* supra; *Patillo,* supra.

[10] *Corner v. State,* 223 Ga. App. 353, 355 (477 SE2d 593) (1996).

court's jury charge. For the following reasons, we find the appeal untimely, and it is, accordingly, dismissed.

The record shows that Pless was represented by counsel at trial. The trial court entered judgment on the jury's guilty verdict on April 26, 1994. On May 5, 1994, Pless filed a pro se motion for new trial. Six days later, Pless filed another pro se motion for new trial. The record shows, however, that Pless was still represented by counsel when he filed both pro se motions. No other motions for new trial were filed, and the trial court denied Pless's pro se motions in an order dated March 2, 1999.[1] Pless filed his notice of appeal on March 5, 1999.

As a consequence of Pless's representation by counsel, his pro se motions are void. In Georgia, "[a] criminal defendant no longer has the right to represent himself and also be represented by an attorney. . . . As [Pless] was represented by counsel when he filed the pro se [motions, those motions were] of no legal effect whatsoever."[2]

Although Pless, represented by new counsel, filed his notice of appeal within 30 days after the trial court denied his pro se motions for new trial, his "void motion[s] for new trial did not toll the 30-day limit within which he was required to file a notice of appeal from the underlying judgment and sentence."[3] Accordingly, notwithstanding the merits of Pless's appeal, it is dismissed as untimely.[4]

*Appeal dismissed. Pope, P. J., and Barnes, J., concur.*

DECIDED APRIL 17, 2002 — 

*Dennis T. Blackmon*, for appellant.
*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney*, for appellee.

---

[1] The record is silent about the almost five-year lapse of time between Pless's filing the motions and the trial court's ruling.

[2] (Punctuation omitted.) *Daniels v. State*, 235 Ga. App. 296, 298 (2) (509 SE2d 368) (1998) (addressing pro se motion for speedy trial filed by represented defendant). See also *Johnson v. State*, 266 Ga. 775, 778-779 (9) (470 SE2d 637) (1996) (holding that trial court erred in considering pro se motion for new trial filed when defendant was represented by counsel); *Beattie v. State*, 240 Ga. App. 327 (1) (523 SE2d 389) (1999) (because defendant was represented by counsel, trial court properly denied his pro se motion for continuance); *Schaefer v. State*, 238 Ga. App. 594 (1) (519 SE2d 248) (1999) (pro se motion for speedy trial void where defendant represented by counsel).

[3] *Keller v. State*, 252 Ga. App. 813, 815 (1) (558 SE2d 5) (2001).

[4] See id.