A07A0721. BURDETT v. THE STATE.
(646 SE2d 748)

MILLER, Judge.

Prior to his criminal trial, Jimmy Don Burdett moved for discharge and acquittal under OCGA § 17-7-171, on the grounds that the State had failed to comply with his demand for a speedy trial. The trial court denied that motion, finding that any valid speedy trial demand made by Burdett had been either withdrawn or waived. Discerning no error, we affirm.

This appeal presents a question of law, which we review de novo. *State v. Glass*, 279 Ga. 696, 697 (620 SE2d 371) (2005). The record shows that Burdett was indicted in the Superior Court of Gwinnett County during the May 2005 term of court on charges of kidnapping with bodily injury, rape, aggravated sodomy (two counts), aggravated assault (two counts), and armed robbery. On July 11, 2005, Burdett's former counsel filed a demand for a speedy trial pursuant to OCGA § 17-7-171, and the case was placed on the trial calendar for September 16, 2005. On August 30, 2005, Burdett's counsel filed a pleading captioned "Motion to Withdraw Demand for Speedy Trial," which stated that "Burdett . . . hereby withdraws any and all previous demands for a speedy trial." Shortly thereafter, Burdett's counsel requested a continuance until the next trial calendar, citing a conflicting trial scheduled in DeKalb County, which the trial court granted. In December 2005, Burdett's original counsel withdrew from the representation and was replaced by his current attorney.

After an additional continuance and a series of leaves of absence by Burdett's current counsel, the case was placed on the trial calendar for October 23, 2006. At the calendar call, however, Burdett's counsel

submitted a motion for discharge and acquittal under OCGA § 17-7-171, citing the State's failure to comply with that statute.[1] The trial court heard arguments from counsel and reviewed the record before denying this motion from the bench. Shortly thereafter, the trial court issued a written order setting forth findings of fact and conclusions of law supporting its decision.

Burdett now appeals that order, asserting as error the trial court's findings that (1) he had not filed a valid demand for a speedy trial; and (2) even assuming his demand was valid, he subsequently withdrew or waived the same. Burdett also argues that the trial court erred in even considering whether his speedy trial demand was valid, because he was not afforded the opportunity to present an argument on that question. Finding that Burdett's demand for a speedy trial was valid, but that he subsequently withdrew that demand, we affirm.

1. Burdett first challenges the trial court's finding that, although his demand for a speedy trial was properly filed and served on the State, his failure to serve that demand on the trial judge rendered it invalid. This ruling was based on the trial court's erroneous application of OCGA § 17-7-170, which applies in noncapital cases. That statute requires that any demand for a speedy trial "be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending." OCGA § 17-7-170 (a). Because Burdett was charged with rape, however, his demand for a speedy trial was governed by OCGA § 17-7-171, which applies to capital offenses.[2]

The current version of OCGA § 17-7-171, which became effective on July 1, 2006, requires that a demand for a speedy trial in a capital case be served upon the trial judge. At the time Burdett filed his speedy trial demand, however, that service requirement did not apply to demands filed under OCGA § 17-7-171. On appeal, the State argues that the service requirement represents a procedural, rather than a substantive change in the law, and should therefore be applied retroactively to invalidate Burdett's demand for a speedy trial. We disagree.

"Although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects

---

[1] OCGA § 17-7-171 (b) provides that the State must try a defendant within the two terms of court immediately following the term of court in which the demand for a speedy trial is made, and that a failure to do so entitles the defendant to a complete discharge and acquittal of all charges against him.

[2] Rape is considered a capital offense for purposes of the speedy trial statutes. See *Merrow v. State*, 268 Ga. App. 47, 50 (1) (601 SE2d 428) (2004).

substantive rights may operate prospectively only." (Citation and punctuation omitted.) *Hargis v. Dept. of Human Resources*, 272 Ga. 617 (533 SE2d 712) (2000). Our courts have long recognized that OCGA § 17-7-171 affords an individual a statutory right to a fair trial — a right which is substantive in nature. See, e.g., *Mize v. State*, 262 Ga. 489, 490 (2) (422 SE2d 180) (1992); *Nusser v. State*, 275 Ga. App. 896, 899 (622 SE2d 105) (2005). A retrospective application of the service requirement at issue here could operate to void an otherwise valid demand for a speedy trial, thereby depriving a defendant of a substantive right. We cannot, therefore, apply this amendment retroactively, and Burdett's failure to serve the trial judge did not invalidate his demand for a speedy trial.

2. Burdett also asserts as error the trial court's finding that, even if valid, his demand for a speedy trial was withdrawn or waived. We discern no error, and therefore affirm the trial court's decision.

As noted above, 17 days before Burdett's case was to be called for trial, his counsel filed the "Motion to Withdraw Demand For Speedy Trial." Burdett argues that this pleading cannot be treated as a withdrawal of his speedy trial demand because he was unaware of it and did not consent to it, and because the trial court never acted on the "motion."

With respect to his first argument, Burdett cites no legal authority that would require that the withdrawal of his speedy trial demand be disregarded more than a year after it was filed because he, as the client, claims to have been unaware of it. It is a basic tenet of our judicial system that a trial court is entitled to rely on pleadings filed by an attorney on behalf of his client, and to presume that the client is aware of and consents to such pleadings. To hold otherwise would allow parties to "retract" pleadings previously relied upon by the court and opposing counsel, simply by changing lawyers.

Nor does Burdett cite any legal authority for the proposition that the trial court's failure to act on counsel's "motion" rendered the withdrawal of his speedy trial demand ineffective. We note that there is no procedural or substantive law that requires such a withdrawal be made by a motion. Rather, the accepted practice is that a party file a notice of such a withdrawal with the court and serve the same on opposing counsel. See, e.g., *Price v. State*, 245 Ga. App. 128 (535 SE2d 766) (2000); *Ringo v. State*, 219 Ga. App. 753 (466 SE2d 660) (1996). Moreover, the "motion" did not seek the trial court's approval of the withdrawal; rather, it definitively stated that Burdett was withdrawing his demand for a speedy trial. The trial court, therefore, was entitled to treat this pleading as a notice of Burdett's withdrawal of his speedy trial demand. Given that it granted defense counsel's motion for a continuance, filed three days after counsel filed the

"motion to withdraw" Burdett's demand for a speedy trial, that is how the trial court treated the pleading.[3]

3. In light of the foregoing, we need not address Burdett's claim that the trial court erred in ruling on the validity of his demand for a speedy trial.

For the reasons set forth above, we affirm the trial court's denial of Burdett's motion for discharge and acquittal.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 25, 2007.

*Charles K. Wood, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, Deborah R. Fluker, Assistant District Attorney*, for appellee.

---

[3] It also appears that current defense counsel viewed the "motion" as a notice of withdrawal of his client's speedy trial demand. Between December 2005 and October 2006, current defense counsel requested and received an additional continuance and took leaves of absence totaling 55 days.