# Court of Appeals
# of the State of Georgia

ATLANTA,     May 22, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1559.  DARON THOMAS v. THE STATE.**

Daron Thomas, who has been indicted on multiple charges, filed several pro se motions including a pre-trial habeas motion.  In a hearing on December 9, 2013, Thomas asked if the trial court was going to "give [him] absolute discharge and acquittal on my habeas corpus?"  The trial court responded negatively.  Thomas apparently seeks to appeal this ruling.[1]  We lack jurisdiction for several reasons.

Because the case remains pending below, Thomas was required to follow the interlocutory appeal procedure in order to appeal. See OCGA § 5-6-34 (b). Furthermore, Thomas may not appeal an oral ruling.  See *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) ("an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk"). Finally, it appears from the hearing transcript that the trial court appointed an attorney to represent Thomas. A criminal defendant does not have the right to represent himself while also being represented by an attorney. See *Pless v. State*, 255 Ga. App. 95 (564 SE2d 508) (2002).  Because Thomas is currently represented by counsel, his pro se notice of appeal is a nullity.  See id. For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.

---

[1] Thomas filed his notice of appeal on December 9, 2013, purporting to challenge the trial court's refusal to rule on his plea of former jeopardy.  Thomas directed the notice of appeal to the Supreme Court, which construed it as an appeal from the trial court's oral ruling.  Because the Supreme Court concluded its jurisdiction was not invoked, it transferred the matter to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*