# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1438.  DEXTER ELLINGTON v. THE STATE.**

Dexter Ellington was convicted of aggravated assault and criminal trespass, but acquitted of armed robbery and burglary.  Through counsel, Ellington filed a motion for new trial, which the trial court denied.  He also filed a pro se motion to vacate his allegedly void sentences, which the trial court declined to resolve while his direct appeal was pending.  In 2013, we affirmed Ellington's convictions.  See *Ellington v. State*, Case No. A13A1101 (decided September 18, 2013).  Post-remittitur, the trial court entered an order denying Ellington's motion to vacate.  Ellington, proceeding pro se, then filed this appeal.  We lack jurisdiction.

First, because Ellington appears to have been represented by an attorney at the time he filed his pro se motion, that motion was a nullity.  A criminal defendant does not have the right to represent himself while also being represented by an attorney. See *Pless v. State*, 255 Ga. App. 95, 96 (564 SE2d 508) (2002).

Moreover, the trial court's order denying Ellington's motion is not subject to appellate review.  A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment

for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Ellington argued that, because he was acquitted of armed robbery and burglary, his convictions for aggravated assault and criminal trespass cannot stand. This is not a colorable void sentence claim. See id. For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* <u>07/09/2014</u>
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*