# Court of Appeals
# of the State of Georgia

ATLANTA,___July 12, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0427. SAMUEL GAINES v. THE STATE.**

Samuel Gaines was convicted of several crimes, and his attorney filed a motion for new trial. While awaiting a ruling on his motion for new trial, Gaines himself filed a document entitled "Petition for Writ of Mandamus," seeking a ruling on his motion for new trial. The trial court denied Gaines's petition on April 20, 2016, and Gaines filed an application for discretionary appeal from that ruling in the Supreme Court, which transferred the application to this Court after finding that the case did not invoke the Supreme Court's jurisdiction. We also lack jurisdiction for two reasons.

First, it appears from the scant material before us that Gaines was represented by counsel when he filed this pro se petition for writ of mandamus. Accordingly, the trial court properly ruled that Gaines's pro se filing was a nullity, and there is nothing for us to review. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (a criminal defendant does not have the right to represent himself while also being represented by an attorney, and pro se filings by represented parties are therefore "unauthorized and without effect"); *Pless v. State*, 255 Ga. App. 95, 96 (564 SE2d 508) (2002).

Second, the April 20 order Gaines seeks to appeal is not a final judgment since his motion for new trial remains pending below. In order to appeal this ruling, therefore, Gaines was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) and obtain a certificate of immediate review from the trial judge. See *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) (while a motion

for new trial is pending, appeals must comply with the interlocutory appeal requirements). Gaines's failure to comply with the interlocutory appeal procedures deprives this Court of jurisdiction to consider this matter.

Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____07/12/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

2