# Court of Appeals
# of the State of Georgia

ATLANTA,  February 16, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0280. JAMES DENNIS NEW v. THE STATE.**

On December 16, 2016, the trial court dismissed James Dennis New's motion to compel in this habeas corpus action on the basis that New was represented by counsel.[1] On January 25, 2017, New filed this application for discretionary appeal seeking leave to appeal the ruling. We, however, lack jurisdiction for several reasons.

First, as noted by the trial court, a criminal defendant does not have the right to represent himself while also being represented by an attorney. See *Pless v. State*, 255 Ga. App. 95, 96 (564 SE2d 508) (2002). Because New is currently represented by counsel, his pro se filing is a nullity. See id.

Second, New's application is untimely. An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal made beyond 30 days. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Here, New filed his application 40 days after entry of the order he seeks to appeal.

Third, New failed to follow the requisite appellate procedure. Because the habeas case remains pending below, the trial court's order is not considered final and

---

[1] As of January 1, 2017, the Court of Appeals has jurisdiction over "[a]ll cases involving extraordinary remedies, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death" pursuant to the Appellate Jurisdiction Reform Act of 2016. Ga. L. 2016, p. 883, § 3-1 [codified as OCGA § 15-3-3.1 (a) (4)].

may be appealed only by compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). Although New filed a discretionary application, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

For these reasons, we lack jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  02/16/2017*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


*, Clerk.*